### KENNEDY v. THE STATE.

CRIMINAL LAW.—*Supreme Court.—Defective Record.—Practice.*—The Supreme Court will not pass upon any proceeding when some essential part thereof is omitted from the record.

SAME.—*Postponement.—Affidavit.—Bill of Exceptions.—Record.*—Where an affidavit, which purports to be the one upon which a motion to postpone the trial of a criminal cause was founded, is simply copied into the record by the clerk without any order of court and not as a part of any bill of exceptions, it is improperly in the record, and in legal contemplation does not constitute any part thereof, and no question as to its sufficiency is presented.

From the Clark Circuit Court.

*C. H. Test, J. Coburn* and *E. E. Bassett,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

NIBLACK, J.—The appellant, William Kennedy, was indicted jointly with Alfred Applegate and William Stanley, for the murder of George Chamberlain. The indictment charged the murder to have been in the first degree. The appellant has been three times separately tried upon that indictment.

Upon the first trial he was found guilty of murder in the first degree, and his punishment fixed at death. A new trial being granted, a second trial resulted in a conviction for murder in the second degree, and a sentence of imprisonment in the state-prison for life. From that judgment there was an appeal to this court, where the judgment was reversed, and the cause remanded for a new trial. *Kennedy* v. *The State*, 53 Ind. 542.

After the cause was thus remanded, the appellant pleaded specially his acquittal of the charge of murder in the first degree upon the second trial. To this there was a replication, a rejoinder and a sur-rejoinder, upon all of which various questions were raised, but none of these pleadings are in the record.

The appellant, having also entered a plea of not guilty to the indictment, then, as is shown by certain record entries of the clerk and by a paper purporting to be an affidavit copied into the record, filed his affidavit showing that on the 3d day of November, 1871, he was convicted in the Shelby Circuit Court upon an indictment for assault and battery with intent to commit murder, and sentenced to eight years' imprisonment in the state-prison south, and that his term of imprisonment had not then expired; that ever since his conviction upon said indictment in the Shelby Circuit Court, as aforesaid, he had been confined as a convict in said state-prison south, and that he was then only temporarily absent from such prison by order of the court below, to answer this indictment, and liable to be remanded to said prison at any time.

Upon his affidavit thus filed, the appellant moved the court to postpone the trial of this cause until his then existing term of imprisonment should have expired, but the court overruled this motion to postpone the trial, to which the appellant excepted, and tendered, and had signed, his bill of exceptions, reserving his exception to the overruling

of said motion. That bill of exceptions is also not in the record. A jury was then empanelled to try the cause. The appellant thereupon, for written reasons filed, moved the court to discharge the jury, but that motion was also overruled. These written reasons are also not in the record.

Upon the trial, the court gave certain instructions and refused to give certain others, to all of which the appellant excepted, and tendered, and had signed, his bill of exceptions, reserving his exceptions upon such instructions, but this bill of exceptions is also not in the record.

The jury found the appellant guilty of murder in the first degree upon this third trial, and fixed his punishment at imprisonent in the state-prison during life.

Upon written causes filed, the appellant moved the court for a new trial, and that motion was likewise overruled. These written causes are also not in the record. Judgment then followed upon the verdict.

Hon. John S. Davis, the presiding judge of the 4th Judicial Circuit, being disqualified to try this cause, this last trial was had before Hon. Simeon K. Wolfe, a practising attorney of Floyd county, as special judge.

Errors are assigned upon the appointment of the said Wolfe as special judge, and upon all the subsequent proceedings in the cause in which rulings were made adversely to the appellant.

A certiorari was issued by this court, to the clerk of the court below, commanding him to supply certified copies of all the papers above referred to as not in the record, and he has answered that those papers are missing from the files in his office, and that in consequence he is wholly unable to supply copies of the same.

No valid objection to the appointment of the Hon. Simeon K. Wolfe, as special judge, has been pointed out, and none has been made apparent to us from an examination of the record.

Owing to the emasculated, and consequently defective, condition of the record, the remaining errors assigned upon it present no question for our consideration, or upon which we are enabled to express any opinion. We can not undertake to pass upon the correctness of any proceeding, when some essential part of that proceeding is omitted from the record. But it is earnestly insisted by the appellant that there is enough in the record to show that the court erred in its refusal to postpone the trial of the cause until after his term of imprisonment in the state-prison, upon which he was then confined as a convict, should expire.

The affidavit, however, purporting to be the one upon which the motion to so postpone the trial was founded is simply copied into the record by the clerk without any order of court, and not as part of any bill of exceptions. This affidavit is therefore improperly in the record, and in legal contemplation does not constitute any part of the record. There is consequently nothing before us upon which we can rightfully review the action of the court below, refusing to postpone the trial as complained of by the appellant.

We very much regret our inability to have brought before us a complete copy of the proceedings below, but we are in that respect without authority to do more than we have done.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.