Shoffner v. The State.

Filed Feb. 22, 1884.

———◆———

No. 10,976.

## SHOFFNER v. THE STATE.

CRIMINAL LAW.—*Arraignment.—New Trial.—Record.—Supreme Court.*—In the absence of a motion for a new trial, no question can be made in the Supreme Court on account of the non-arraignment of the defendant, or because there was a trial without plea, and in such case it is immaterial whether the record shows arraignment and plea or not.

SAME.—*Record.—Affidavit and Information.*—Where the record shows that an affidavit and information were filed, but does not contain them, because they were lost, their sufficiency can not be considered by the Supreme Court.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.

*F. T. Hord,* Attorney General, *W. T. Brown,* Prosecuting Attorney, and *W. B. Hord,* for the State.

NIBLACK, C. J.—This was a criminal prosecution, upon affidavit and information, under section 2039, R. S. 1881, for suffering a county poor-house to become foul and unclean.

The record of the proceedings in the court below, as recorded by the clerk, notes the appearance of the prosecuting attorney for the State, and of the defendant in person, and states that the defendant, Tetmany Shoffner, moved to quash the information; that the motion was overruled, whereupon the defendant waived an arraignment and pleaded not guilty;

that a trial by a jury resulted in a verdict of guilty, assessing the fine at twenty-five dollars; that the court, after considering and overruling a motion in arrest of judgment, rendered judgment on the verdict.

The day after the trial, and before the record of the proceedings, entered as above by the clerk, was signed by the judge, the defendant moved to correct the entry of the proceedings in respect to the alleged waiver of arraignment, and entering a plea to the information, charging that the information was only read in his hearing when the motion to quash it was made, and that he did not in fact either waive an arraignment, or enter a plea of any kind to the information; but the court, conceding that there had been no formal waiver of arraignment or entry of a plea of not guilty, overruled the motion to correct the proceedings, as recorded by the clerk, upon the ground that the defendant had gone to trial without objection as upon a plea of not guilty, and that he had had the full benefit of that plea at the trial.

The defendant appealing has assigned error upon these last named proceedings, and asks a reversal of the judgment because his motion was not sustained.

It is true, as contended, that a trial without an issue is erroneous. It is also true that a trial upon an indictment, or information, without a plea, constitutes such an irregularity in the proceedings as entitles the defendant to a new trial if the verdict is against him, or, at his option, to have the verdict set aside as contrary to law, but advantage can only be taken of such a defect in the proceedings by a motion for a new trial. R. S. 1881, sec. 1842; *Tindall* v. *State*, 71 Ind. 314.

A motion in arrest of judgment goes only to the jurisdiction of the court, or to the sufficiency of the indictment or information. R. S. 1881, section 1843.

In this case there was no motion for a new trial. Consequently, no question was reserved in the court below upon the non-waiver of an arraignment, or upon the failure of the court to require a plea to the information.

Shoffner *v.* The State.

The motion of the appellant to have the minutes of the court corrected, after the cause had been disposed of upon its merits, raised no question for review here. So long as there was no motion to set aside the verdict on account of some defect in that respect, it was quite immaterial whether or not a plea to the information was in fact entered.

The judgment is affirmed, with costs.

Filed Sept. 18, 1883.

## ON PETITION FOR A REHEARING.

NIBLACK, J.—Before proceeding with the trial of this cause a motion to quash both the affidavit and information was entered and overruled, and the first specification of error, assigned in this court, called in question the decision of the court below in overruling that motion. Complaint is now made that we failed to notice that specification of error at the former hearing.

The transcript filed by the appellant, in referring to the affidavit and information, contains the following entry of proceedings below: " Comes Brown, prosecuting attorney, and files affidavit and information herein (affidavit and information lost and not on file), and on motion the court orders bench warrant to issue for said defendant, which is now done," and neither the affidavit nor information is anywhere copied into the transcript.

The appellant, in support of the alleged insufficiency of the affidavit and information, argued in his original brief, and now repeats the argument, that as neither one of those pleadings is found in the transcript, there is no charge on file against him, and for that reason, if for no other, the judgment ought to be reversed.

When considering the case upon the original brief, we were unable to see what bearing the subsequent loss of the affidavit and information could be made to have upon the question of the substantial sufficiency or insufficiency of these pleadings, when the motion to quash them was overruled,

and, assuming that anything we might say in response to the argument addressed to us in that respect, would not be decisive of any question really presented by the record, we omitted any reference to the first specification in the assignment of errors.

It may be stated, as a general rule, that upon an appeal this court will make every presumption, which the record does not exclude, in favor of the jurisdiction of the court from which the appeal is taken, the regularity of the proceedings appealed from and of the action of the court in the rendition of final judgment, and this rule is especially applicable to appeals from courts of general jurisdiction. Buskirk Pr. 344; *Houk* v. *Barthold*, 73 Ind. 21. It is the duty of the appellant to bring to this court a perfect record of the proceedings and judgment appealed from, and when it appears that a complaint was filed, but no such a pleading is found in the record, no question is presented upon the complaint, and ordinarily none upon any of the proceedings below. *Collins* v. *United States Ex. Co.*, 27 Ind. 11. The fact that, upon an appeal, no complaint appears in the record, but the clerk certifies that "no complaint appears on file," affords no cause for a reversal of the judgment. *Bonsell* v. *Bonsell*, 41 Ind. 476. The doctrine of the last two cases has been held to be applicable to criminal causes. *Kennedy* v. *State*, 66 Ind. 370.

No excuse has been shown for the seeming failure of the appellant to institute proceedings in the court below, to supply the lost affidavit and information, with a view to having copies certified to this court. We are, therefore, left to the inference that the appellant has labored under some misapprehension, either as to his rights or his duties in that respect. However that may have been, it was incumbent upon the appellant to show affirmatively that the affidavit and information were insufficient, if he relied upon their insufficiency for a reversal of the judgment. *State* v. *Weil*, 89 Ind. 286.

The cases of *Gonzales* v. *State*, 18 Ind. 90, *Case* v. *State*, 18

Ind. 444, and *Walker* v. *State*, 23 Ind. 61, cited by counsel for the appellant, have reference to defective proceedings and not imperfect records. The same may be said of *Buckner* v. *State*, 56 Ind. 208, and some of the other cases cited on behalf of the appellant. With the imperfect record then as now before us, we might have declined to consider any of the questions discussed by the appellant in his original brief, and have affirmed the judgment because of the imperfections in the record, but as the proceedings subsequent to the return of the verdict involved a novel question of practice, we deemed it better that we should express some views on that branch of the case, ignoring all reference to the affidavit and information and to the reasons which induced us not to refer to those pleadings. Those reasons are now given only because of the persistence of counsel in insisting upon the reversal of the judgment upon a record manifestly and radically imperfect.

We adhere to the opinion that the appellant, by failing to move for a new trial, waived all objection to the validity of the verdict.

The petition for a rehearing is overruled.

