## BRADY, WIDOW, ETC. *v.* WORK, SECRETARY OF THE INTERIOR, ET AL.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 121. Argued December 5, 6, 1923.—Decided January 7, 1924.

1. A person to whom the Land Department has adjudged the right to a tract of land is an indispensable party to a suit brought in the Supreme Court of the District of Columbia by a defeated claimant to enjoin the Secretary of the Interior and the Commissioner of the General Land Office from issuing the patent, for want of authority. P. 437.

2. The absence of such a party from the suit is not excused by inability to obtain service, owing to his residence in a State, beyond the jurisdiction. *Id.*

3. A decree of the Court of Appeals of the District of Columbia affirming a decree of the Supreme Court of the District dismissing upon a motion a bill disclosing a case in which the construction and application of an act of Congress relied on by the plaintiff were drawn in question by the defendant, is appealable to this Court under Jud. Code, § 250, par 6. *Id.*

280 Fed. 1017, affirmed.

APPEAL from a decree of the Court of Appeals of the District of Columbia affirming a decree of the Supreme Court of the District which dismissed the bill in a suit to enjoin the appellees from issuing a land patent.

*Mr. S. M. Stockslager,* with whom *Mr. Arthur Mandl* was on the brief, for appellant.

---

[6] A motion to dismiss the writ of error, the consideration of which was passed to the hearing, was based on other grounds.

*Mr. Solicitor General Beck* and *Mr. H. L. Underwood,* Special Assistant to the Attorney. General, appeared for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This was a bill in equity in the Supreme Court of the District of Columbia brought by Thomas N. Brady against the Secretary of the Interior and the Commissioner of the Land Office, seeking to enjoin them from issuing a patent to one Lillie S. Harner for a homestead.

The bill avers that William Rattkamner in 1913 made a homestead entry of certain public land in Arizona, that in October, 1915, Harry S. Harner filed a contest against the entry, that Rattkamner made no answer, that the register and receiver of the local land office cancelled the entry and awarded a preference right to Harner, December 27, 1918, that on January 1 the plaintiff herein, Brady, made a homestead entry of the land, and moved on to the land, that Harner made no entry under his preference right, that in February, 1919, one Rudolph Larson illegally made a homestead entry of the land, that Brady, the plaintiff, filed a contest, that Lillie S. Harner, deserted wife of Harry S. Harner, intervened in the same proceeding, that on the hearing the register and receiver recommended that Larson's entry be cancelled and that Lillie S. Harner be allowed to enter, that this was appealed from to the Commissioner of the Land Office, who affirmed the action of the register and receiver, and that thereafter Brady filed a petition for a rehearing before the Secretary of the Interior, which was denied.

The bill avers that the register and receiver, as well as the Commissioner of the Land Office and the Secretary of the Interior, violated the provisions of the Act of May 14, 1880, entitled "An act for the relief of settlers on public lands " (21 Stat. 140, c. 89), and were without authority in deciding in favor of Lillie S. Harner and proposing to issue a patent to her.

The prayer is for an injunction against the issuing of the proposed patent by the defendants.

The defendants moved to dismiss the bill on the ground that it asked the court to control the defendants in matters involving exercise of the judgment and discretion vested in them by law, and also on the ground that Lillie S. Harner was an indispensable party to this suit. This motion was granted by the Supreme Court of the District on both grounds, and that action was affirmed by the Court of Appeals.

We think the motion was properly sustained on the second ground, and do not find it necessary to discuss the first. Lillie S. Harner is the person whom the administrative officers of the Government have held to be entitled to a patent for this land. Clearly the controversy between the plaintiff and those officers involving the granting of a patent to her can not be settled without her presence in court. *New Mexico* v. *Lane,* 243 U. S. 52, 58; *Litchfield* v. *Register and Receiver,* 9 Wall. 575, 578. She is entitled to be heard. Inability to secure service on her because she lives in Arizona can not dispense with the necessity of making her a party.

Dismissal was asked also on the ground that no appeal lies in a case like this from the District Court of Appeals to this Court and that we thus have no jurisdiction. We think, however, that the bill disclosed a case in which the construction and application of the Act of May 14, 1880, were drawn in question by the defendant. By the sixth paragraph of § 250 of the Judicial Code we are required to hear an appeal in such a case.

We, therefore, can not dismiss the appeal for want of jurisdiction, but can and do affirm the action of the District Court of Appeals in affirming the decree of the Supreme Court of the District in dismissing the bill for lack of an indispensable party.

*Decree affirmed.*