### ANDREWS v. STATE OF INDIANA.

[No. 24,780. Filed March 10, 1925.]

1. CRIMINAL LAW.—*Plea is essential.*—The arraignment of accused, or the waiver thereof, does not take the place of, or waive the plea of accused, which must be made by the accused, or if he refuses to plead, by the court. p. 13.

2. CRIMINAL LAW.—*Without a plea by defendant there is no issue.*—The defendant having been arraigned and time given in which to plead, but no plea having been entered, there is no issue. p. 14.

3. CRIMINAL LAW.—*Absence of plea is properly raised by motion for new trial because contrary to law.*—The absence of a plea by the defendant is properly raised by a motion for new trial under the specification that the verdict is contrary to law. p. 14.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Perry Andrews was convicted of operating a motor vehicle while in an intoxicated condition, and he appeals. *Reversed.*

*James M. House, Arnold J. Padgett* and *Arthur A. Clark,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—This case is a criminal prosecution, brought by indictment, which charges that the appellant operated a motor vehicle, while in an intoxicated condition. Acts 1913, ch. 300, as amended, Acts 1923, ch. 123.

The record discloses, that appellant waived arraignment, and was granted time by the court to plead.

Later, without any record that appellant entered a plea, or that he stood mute and a plea of not guilty being entered by the court, he was put upon trial by a jury, which returned a verdict of guilty.  •

Appellant's motion for a new trial for the reason that the verdict was contrary to law, was overruled.  Judgment was rendered upon the verdict, from which appellant appeals.  Error is assigned upon the overruling of the motion for a new trial.

The two steps in the procedure, the reading of the charge or the waiver thereof, and the plea, upon which the decision of this appeal rests, are plainly fixed by statute.  The arraignment consists of informing the defendant of the charge against him by reading the indictment or affidavit to him by the clerk of the court, unless the defendant waives such reading, after which the defendant must be required to plead to the charge, either in abatement or in bar, unless the court, for cause shown, grant further time to the defendant to plead. §2232 Burns 1926, §2068 Burns 1914.

The reading of the indictment or affidavit to the accused, or the waiver thereof by him, does not answer for, take the place of, waive or excuse the plea by the accused.  The arraignment is not complete without the plea by the accused, either voluntarily or by the court, to the charge.  1 Bouvier's Law Dict. 239.

The plea forms the issue to be tried, without which there is nothing before the court or jury for trial.  This step in the criminal procedure of this state is so firmly laid, that the general assembly provided that when the defendant stands mute or refuses to plead to the charge against him, the court must enter a plea of not guilty for him.  §2233 Burns 1926, §2072 Burns 1914; *Weaver* v. *State* (1882), 83 Ind. 289; *Bennett* v. *State* (1919), 188 Ind. 380; *Pritchard* v. *State* (1920), 190 Ind. 49.

The defendant may plead to the charge against him, either orally or in writing. If the plea be oral it must appear by a record entry, and if written, the plea becomes a part of the record.

It is apparent from the record, that, the appellant not having entered a plea to the indictment, and a plea of not guilty in his behalf not having been entered by the court, there was no issue in the case.

It must follow that there was nothing to try, or upon which to rest a verdict.

It was error to overrule the motion for a new trial, and the verdict was contrary to law. The question is properly presented by the motion for a new trial.

*Shoffner* v. *State* (1884), 93 Ind. 519; *Billings* v. *State* (1886), 107 Ind. 54, 57 Am. Rep. 77; *Pritchard* v. *State, supra.*

The trial court is ordered to sustain appellant's motion for a new trial.

Judgment reversed.