THE COUNTY DEPARTMENT OF PUBLIC WELFARE OF LAKE COUNTY, AND JAMES BAKER, JESSIE DRAKE, ANNE M. KOKOT, FRED FERRINI, AND HARRY D. DAVIS, AS INDIVIDUAL MEMBERS OF SAID BOARD V. KENNETH MORROW.

[No. 3-972A64. Filed October 16, 1973 Rehearing denied November 20, 1973.]

EDMOND J. Leeney, Frank J. Galvin, Jr., M. Royce Galvin, of Hammond, for appellants.

B.K. Delph, of Hammond, for appellee.

HOFFMAN, C.J.—This is an appeal by defendants-appellants, the County Department of Public Welfare of Lake County

(DPW) and the members of the County Board of Public Welfare (County Board) from a judgment issuing an injunction restraining and enjoining DPW from permitting John D. Kelley to assume the duties as director of DPW and ordering DPW to take necessary action to appoint a properly qualified person as director.

On December 8, 1970, C. Thomas Bell resigned as director of DPW. Josephine Riggins, then assistant director of DPW, was appointed Acting or Interim Director. Pursuant to Indiana State Personnel regulations, County Board requested the State Personnel Board (Personnel Board) to certify a list of persons eligible for appointment to the position of Director of DPW. County Board received two lists from Personnel Board, a promotional list naming only Josephine Riggins, and an original appointment list naming John D. Kelley, Ralph R. Pidcock and plaintiff-appellee Kenneth A. Morrow. These lists showed that Riggins and Morrow were residents of Lake County, that Pidcock was a resident of LaPorte County, and that Kelley was a resident of Delaware County.

On April 14, 1971, County Board met in special session and interviewed these four persons. On April 16, 1971, County Board again met in a special session at which Riggins and Kelley were nominated for the position of director of DPW. A vote was taken and Kelley received a majority of the votes cast. On the same day, Kelley was offered the position and, after a regular meeting of County Board on April 21, 1971, he accepted. At that time, Kelley was director of the Delaware County Department of Public Welfare. Pursuant to Personnel Board regulations, the Delaware County Welfare Board and Personnel Board approved Kelley's transfer from Delaware County to Lake County. Kelley was to assume duties as director of DPW on May 1, 1971.

On April 28, 1971, Morrow filed a complaint seeking a temporary restraining order, and temporary and permanent

injunction to prevent Kelley from assuming the position as director of DPW.

Appellee Morrow alleged in such complaint, *inter alia,* that Kelley was not a resident of Lake County and was, therefore, ineligible for appointment by virtue of IC 1971, 12-1-3-3, Ind. Ann. Stat. § 52-1119 (Burns 1964), which provides, in part, as follows:

> "Duties of the county boards.—The county board of public welfare shall appoint a county director of public welfare who shall be appointed solely on the basis of merit from eligible lists established by the Indiana personnel board, and shall be a citizen of the United States and shall have been a resident of such county for a period of at least two [2] years prior to the date of his appointment, unless a qualified person can not be found in the county."

A temporary restraining order was thereafter issued, and on May 5, 1971, County Board filed a motion to dismiss alleging, in part, failure to join necessary parties, Kelley and Personnel Board. This motion was overruled on May 10, 1971. Following trial on the merits, the court entered judgment granting Morrow the requested injunctive relief. Subsequently, County Board's motion to correct errors was overruled and this appeal ensued.

The only issue which will be considered is whether the trial court erred in overruling County Board's motion to dismiss.

County Board contends its motion to dismiss should have been granted because of Morrow's failure to join two indispensable parties—Kelley and Personnel Board. It asserts that Kelley was indispensable because his interest in, and right to, the position as director of DPW was the subject of this action and that he should have been joined to enable him to protect that interest.

Trial Rule 19 (A), Ind. Rules of Procedure, provides:

> "(A) Persons to be joined if feasible. A person who is

subject to service of process shall be joined as a party in the action if

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) as a practical matter impair or impede his ability to protect that interest or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant."

Kelley clearly has an interest relating to the subject of this action. At the time the action was filed, he had already accepted County Board's offer of the position in question and had resigned his post as director of the Delaware County Department of Public Welfare, effective on May 1, 1971. Moreover, Personnel Board had approved his transfer to the new position. In effect, no external force absent legal action could have precluded Kelley from assuming his duties as director of County Board. Where the action sought a temporary restraining order and permanent injunction to prevent County Board "from taking any further action or permitting the said John Kelly [Kelley] to assume the duties as Director," it cannot be said that such action in Kelley's absence would not impede his ability to protect his interest.

In *Brady* v. *Work* (1924), 263 U.S. 435, 44 S.Ct. 168, 68 L.Ed 375, appellant-Brady had brought an action seeking to enjoin the Secretary of the Interior and the Commissioner of the Land Office from issuing a patent to one Lillie S. Harner for a homestead. The bill averred that defendants-appellees had violated the provisions of a statute and were without authority to decide in favor of Harner. Defendants moved to

dismiss the bill on the ground that Harner, an indispensable party to the suit, had not been joined as a defendant. The Supreme Court affirmed the action of the District Court sustaining the motion and, at 437 of 263 U.S., at 169 of 44 S. Ct., at 378 of 68 L.Ed., stated:

> "Lillie S. Harner is the person whom the administrative officers of the government have held to be entitled to a patent for this land. Clearly the controversy between the plaintiff and those officers, involving the granting of a patent to her, cannot be settled without her presence in court."

Although the case of *Brady* v. *Work, supra,* involved a dispute over the issuance of a land patent, it is similar in substance to the present action. In *Brady,* Lillie S. Harner was held by the administrative officers of the government to be entitled to a land patent. In the present action, John D. Kelley was held by County Board to be entitled to the position of director. In both instances, an injunction was sought which would, in effect, preclude a party absent from the litigation from realizing a benefit which would have been conferred.

That Kelley's rights were adjudicated in his absence is evidenced by the following decree entered by the trial court:

> "IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED that the defendants, the County Department of Public Welfare of Lake County, Indiana, and the above-named individuals, James Baker, Jessie Drake, Anne M. Kokot, Fred Ferrini, and Harry D. Davis, as individual members of said Board, be and they are hereby *perpetually enjoined and restrained* from:
>
> "1. Permitting John D. Kelley from assuming and/or continuing any and all duties as Director of the Lake County Department of Public Welfare; and * * *." (Emphasis supplied.)

The decree expressly prevents Kelley from ever assuming the duties as director. Thus the order precludes Kelley from obtaining such employment notwithstanding the possibility

that he might, in the future, qualify under the residency requirement of § 52-1119, *supra*.[1]

In view of the fact that Kelley was an indispensable party to the instant action; that his rights were adjudicated in such action; and the fact that he was not joined as a party, the trial court erred in entering a decree which expressly prevented him from succeeding to the position of Director of County Board.

The judgment of the trial court is therefore reversed and this cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 301 N.E.2d 787.

---

1. A recent amendment to § 52-1119 has deleted the requirement that a director of a County Board of Public Welfare be a resident of the county for two years prior to the date of appointment. See: 1973 P.L. 105. Such amendment, however, had not been promulgated by the time the trial court herein entered its decree. To consider the present absence of the residency requirement as being dispositive of this appeal would not abate the effect of an order which now lacks statutory foundation.