**Reginald HEARTFIELD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 182S44.**

Supreme Court of Indiana.

Feb. 9, 1984.

Gus John Galanos, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Murder, Ind.Code § 35–42–1–1 (Burns 1979) and was sentenced to thirty (30) years imprisonment. This direct appeal seeks review upon the following issues:

1. Whether the guilty verdict was sustained by the evidence.

2. Whether the trial court erred in denying Defendant's motion to suppress an inculpatory statement he made to police officers.

3. Whether Defendant was properly arraigned.

On June 13, 1979, Defendant and his brother, Ike, conversed during a twenty-five (25) minute period in a basement bedroom of their grandmother's house. During this conversation, the brothers drank some beer and smoked a marijuana cigarette. As Ike rose to leave, an argument and struggle ensued over a baseball bat that Ike was carrying. Defendant demanded the bat and became angry when Ike refused and struck Ike in the jaw. Ike fled upstairs and Defendant followed, stopping to take a shotgun from his grandmother's bedroom and to request shells for the gun from her. Defendant broke down the door of the room where Ike was hiding and loaded the gun. However, Ike had escaped through a window. The grandmother then intervened, and she and Defendant began to argue, during the course of which Defendant pointed the gun at her head, said, "You are dead," and fired. He then covered her body, ransacked her bedroom, threw the spent shell out a window, and called a friend and the police to tell them of the incident. At police headquarters, Defendant signed a waiver form and gave a detailed statement to the police, which statement was subsequently reduced to writing and signed by him.

## ISSUE I

Defendant asserts that there was insufficient evidence to support the verdict with respect to his sanity. He misperceives his burden with respect to a defense of insanity. Ind.Code § 35–41–4–1(b), effective April 1, 1978, explicitly provides that "the burden of proof is on the defendant to establish the defense of insanity by a preponderance of the evidence."

With such burden, "the issue is not whether ... the finding was sustained by the evidence but rather whether it was contrary to all the evidence and hence *contrary to law.* It is only where the evidence is without conflict and leads to but one conclusion and the trier of fact has reached an opposite conclusion, that the decision predicated upon such finding will be disturbed as being contrary to law." (citations omitted) *Turner v. State,* (1981) Ind., 428 N.E.2d 1244, 1246.

■ Although there was substantial evidence presented that supported the Defendant's defense, the evidence upon the issue was in conflict. One court appointed physician who examined Defendant expressed the opinion that he was sane at the time of the criminal act. Also the officers who arrested the Defendant and interrogated him shortly after the incident testified that, although he appeared to be nervous, he had exhibited no delusional behavior, no incoherence in speech nor any inability to comprehend the event and its immediate aftermath but that he had acted in a rational manner. Such testimony permits the inference to be drawn that Defendant was sane at the time he fired the fatal shot.

The evidence upon this issue was in conflict; hence it cannot be said that the verdict was contrary to law.

## ISSUE II

During the trial and immediately prior to the offer by the State of the Defendant's signed waiver of rights and his written statement given to the police shortly after his arrest, a hearing was held, outside the presence of the jury, upon a defense motion to suppress such evidence. The motion was overruled, and the evidence was then offered and admitted for purposes of the trial, over Defendant's repeated objection and contention that he was mentally incompetent to give the waiver and statement and, hence, they were not voluntarily given.

■ When the admissibility of a self incriminating extra-judicial statement is challenged upon the grounds that it had not been given voluntarily, Indiana requires the State to prove beyond a reasonable doubt that it was. *Jackson v. State,* (1980) Ind., 411 N.E.2d 609, 610–611; *Magley v. State,* (1975) 263 Ind. 618, 626, 335 N.E.2d 811, 817; *Burton v. State,* (1973) 260 Ind. 94, 105, 292 N.E.2d 790, 798. "However, in reviewing the trial court's ruling upon the issue, we will consider only the evidence which supports that ruling, when the evidence is in conflict, as well as any unrefuted evidence in the defendant's favor." *Jackson v. State,* 411 N.E.2d at 611. As in other appellate reviews for sufficiency of the evidence, we cannot weigh the evidence or determine the credibility of the witnesses. *Loyd v. State,* (1980) 272 Ind. 404, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. "We will not disturb the trial court's ruling if, from that standpoint, there was sufficient evidence to support it beyond a reasonable doubt." *Grey v. State,* (1980) Ind., 404 N.E.2d 1348, 1351.

■ Defendant relies primarily upon his own testimony that he had been under the care of a physician and taking medication for a mental illness at the time of the criminal incident and giving the statement, supported by a stipulation in evidence that Dr. Hogle, who had examined Defendant on July 5 and 19, 1979 and again on November 21, 1979, by appointment of the court, was of the opinion that Defendant was not competent to give the statement. Defendant also testified that he had smoked some marijuana and drunk some beer shortly before the shooting and was "hearing voices" at the time of his interrogation. However, the police officers testified that at the time he signed the waiver and gave the statement, Defendant appeared to be in control of himself, did not appear confused or unusual, did not advise that he was on medication or complain in any way and that he was coherent and responsive to the questioning. Additionally, it was also stipulated that Dr. Batacan and Dr. Arshad were of the opinion that Defendant was competent when he gave

the statement. Dr. Batacan, under appointment of the court, examined Defendant in July of 1979 and in March and April of 1981; and Dr. Arshad examined him in January, 1980 and March, 1981, under appointment of the court.

Applying the aforementioned standards, there is no basis for us to overturn the ruling of the trial court that Defendant's statement was admissible. The evidence was conflicting, but there was substantial evidence of probative value presented from which a reasonable man could have concluded that Defendant was mentally competent at the time he waived his rights and gave his incriminating statement and that the statement, therefore, was given voluntarily and knowingly. *Washington v. State*, (1979) 271 Ind. 97, 99, 390 N.E.2d 983, 988.

### ISSUE III

The information was filed on June 15, 1979. On June 16, Defendant was brought into court, pauper counsel was appointed and June 26 was set for arraignment. On June 22, a special plea of insanity and suggestion of incompetence was filed. Two physicians were appointed to examine Defendant, and the arraignment date was continued. On August 16, Defendant was arraigned and entered a plea of not guilty.

Subsequently a third physician was appointed to examine Defendant, owing to a disagreement in opinion between the two previously appointed, and a competency hearing was not held until March 14. At that hearing, the court determined that Defendant was not competent to stand trial. He was committed to a state hospital and ultimately determined competent to stand trial, and trial commenced on April 20, 1981. It is Defendant's contention that his arraignment was a crucial step in the proceedings and could not take place pending a determination of his competence, citing *Summers v. State*, (1972) 153 Ind.App. 107, 285 N.E.2d 830. In that case, our Court of Appeals did vacate the judgment and remand the case with instructions to determine whether Summers was competent at the time of his arraignment, saying: "At arraignment, it is absolutely essential that defendant be competent to understand and cope with the problems involved. When the question of mental competence arises, it must be answered before the judicial machinery completes its cycle." 153 Ind. App. at 112, 285 N.E.2d at 833. In that case, however, the judgment had been entered on a guilty plea entered at the arraignment. Here, the plea was not guilty.

■ From a review of our case law, it is clear that arraignment, i.e. the reading of the charges, may be waived, but waiver of the requirement of a plea may be a different story. *Rogers v. State*, (1981) Ind., 415 N.E.2d 57; *Andrews v. State*, (1925) 196 Ind. 12, 146 N.E. 817; *Turpin v. State*, (1881) 80 Ind. 148; *Fletcher v. State*, (1876) 54 Ind. 462; *Graeter v. State*, (1876) 54 Ind. 159; *Feriter v. State*, (1870) 33 Ind. 283; *Molihan v. State*, (1868) 30 Ind. 266; *McJunkins, et al. v. State*, (1858) 10 Ind. 140. Where a defendant has been afforded a trial, as upon a plea of not guilty, however, it is difficult to comprehend how he may have been harmed by the failure to obtain a plea. Indeed, the statute provides for the entry of a plea of not guilty if the defendant refuses to plead or stands mute. Ind.Code § 35–4.1–1–1(d) (since repealed); *Halligan v. State*, (1978) 176 Ind.App. 463, 466, 375 N.E.2d 1151, 1154.

In *Blanton v. State*, (1953) 233 Ind. 51, 115 N.E.2d 122, when the appellant apparently had proceeded to trial without having been arraigned or having entered a plea, we said, "The appellant by proceeding to trial without objection ... waived arraignment and the statute put in a plea of not guilty for him." (citation omitted).

The question has not escaped legislative attention, and it is provided that "A judgment of conviction shall not be invalidated because of the failure of the record to show that the indictment or information was read to the defendant at arraignment or that the defendant entered a plea, *unless the record shows that the defendant objected to entering upon the trial for lack*

*of such arraignment or plea."* (Emphasis added) Ind.Code § 35–4.1–1–1(d).

 Assuming, arguendo, that Defendant was under disability at the time of arraignment on June 22, 1979, that disability had since been removed and was nonextant when, on August 20, 1980 and again on March 13, 1981, it was determined that he was competent to stand trial. On April 20, 1981, the trial commenced, after numerous settings and continuances, and was concluded on April 23, 1981, without objection from Defendant or counsel.

We find no reversible error. The judgment of the trial court is affirmed.

All Justices concur.