STATE OF INDIANA *v.* WILLIAM PAUL ELLIOTT, JEAN MARKEY.

[No. 3-1174A189. Filed December 6, 1976.]

*Theodore L. Sendak,* Attorney General, *Arthur M. Small,* Deputy Attorney General, for appellant.

*W. Paul Helmke, Jr., Helmke, Beams, Boyer & Wagner,* of Fort Wayne, for appellees.

HOFFMAN, J.—The sole issue presented by this appeal is whether a judgment of forfeiture on a surety bond has accrued to the Common School fund when payment of the forfeiture has been made and the funds ultimately turned over to the Treasurer of the State.

The record discloses that on March 21, 1973, an affidavit for "Entering to Commit a Felony" was filed against criminal defendant William Paul Elliott. A warrant issued upon the affidavit and bond was set at $2,000. Appellee Jean Markey was surety on the bond posted by defendant.

On August 29, 1973, defendant failed to appear at a hearing on defense counsel's motion to withdraw his appearance. The trial court ordered the clerk to notify the bondsman to produce defendant on September 10, 1973.

On September 10, 1973, the defendant failed to appear, the bond was declared forfeited, and a bench warrant issued against the defendant.

On March 11, 1974, the State filed a motion for judgment on the bond forfeiture. The trial court, noting that 180 days had elapsed since the forfeiture and that the bondsman had failed to produce the defendant, entered judgment on the forfeiture.

On May 1, 1974, appellee Jean Markey filed a "Petition to Rescind Judgment of Forfeiture on Surety Bond." On June 3, 1974, the trial court granted such petition and ordered the Treasurer of the State of Indiana to return the sum of $2,000 to the Department of Insurance to be applied toward appellee's account.

Thereafter, the Treasurer of State was granted leave to intervene to file a motion to correct errors. Following a denial of the State's motion to correct errors, this appeal was perfected.

Under Article 8, § 2, of the Constitution of Indiana, the

Common School fund consists, *inter alia,* of "all forfeitures which may accrue."

Article 8, § 3, of the Constitution of Indiana further provides:

"Principal a perpetual fund—Appropriation of income.— The principal of the Common School fund shall remain a perpetual fund, which may be increased, but shall never be diminished; and the income thereof shall be inviolably appropriated to the support of Common Schools, and to no other purpose whatever."

Thus, when a forfeiture accrues to the Common School fund, it becomes part of the principal of such fund and may not thereafter be remitted. The question presented for resolution is at what point in time does a forfeiture so accrue.

IC 1971, 21-1-3-7 (Burns Code Ed.), provides as follows:

"Fines, forfeitures, other revenue—Collected—Paid into state treasury—Distribution—Duties of county auditor.— In all counties of the state of Indiana, all fines and forfeitures and any and all other revenue which, by law, accrues to the common school fund or to the permanent endowment fund shall be collected as provided by law, and all money so collected, shall be paid into the state treasury and shall be a part of the common school fund or of the permanent endowment fund in the custody of the treasurer of state. The county auditor shall keep a record of all fines and forfeitures and all other revenue which, by law accrues to the common school fund or to the permanent endowment fund in the records of the county. Semiannually on May 1 and November 1, the county auditor shall issue his warrant payable to the treasurer of state in an amount equal to the total collections in the six [6] months preceding of fines and forfeitures and all other revenue which by law accrues to the common school fund or to the permanent endowment fund.

"At the time of payment of principal, interest or accretions to the treasurer of state, the county auditor shall file a report with the auditor of state, which report shall set forth the amount of (a) common school fund (b) permanent endowment fund (c) interest on common school fund (d) interest on permanent endowment fund (e) fines and forfeitures (f) all other accretions included in such pay-

ment and the balance of such funds held in trust by the county. Forms for making such report shall be furnished by the auditor of state.

"All money collected as interest on the common school fund or on the permanent endowment fund shall be paid into the state treasury and shall be distributed for the uses and purposes as now or hereafter otherwise provided by law."

Such statute requires the county auditor to keep a record of all fines, forfeitures and other revenue which accrues to the Common School fund. Thereafter, on May 1 and November 1, the County Auditor issues his warrant payable to the Treasurer of State in the amount equal to the total collections in the six preceding months of such fines, forfeitures and other revenue. Contemporaneous with the payment to the Treasurer of State, the County Auditor is required to file a report with the Auditor of State listing the amount, *inter alia*, of fines and forfeitures.

The property rights of the State in the Common School fund have not vested so long as the forfeiture has not been paid or so long as the money has not been received by the Treasurer of State.

Until the receipt of such funds by the Treasurer of State, any record of the forfeiture, which certain officers are required to make, is merely an accounting entry. In this respect IC 1971, 5-11-1-12 (Burns Code Ed.), requires any officer who collects or receives forfeitures belonging to the State to keep in a separate book a record of all sums received from such forfeiture, the amount and from whom and when received. It further provides that the clerks of the courts, as well as justices of the peace, mayors, and city judges, must report immediately to the auditor of State the forfeiture of all bonds and recognizances in which the principals have defaulted. Moreover, when payment of any forfeiture is made, such officers shall report the same forthwith to the auditor of the State. The auditor of State is then required to charge such

officers therewith as debtors to the Common School fund immediately upon the report of payment. Such statute further provides that violation of its provisions constitutes a misdemeanor.

This section, when read in the context of the Act of which it is a part, is merely a reporting section to facilitate the State's accounting system.

Likewise the record-keeping function of the county auditor serves to facilitate the accounting system.

At the time the judgment was rendered rescinding the judgment of forfeiture, the $2,000 had been paid from appellee Markey's account with the Department of Insurance to the clerk of Allen County; the clerk had paid it to the auditor of Allen County; and the auditor of Allen County had paid the $2,000 to the Treasurer of the State.

When such payment was in possession of the Treasurer of State, such funds had clearly accrued to the Common School fund and could not properly be recovered by appellee.

It must therefore be concluded that the trial court erred in ordering the Treasurer of State to remit the forfeiture.

Appellee contends that the procedure outlined in IC 1971, 35-4-5-12 (Burns Code Ed.), for the forfeiture of and recovery on bonds, when taken in conjunction with Article 8, § 2, of the Constitution of Indiana, operates to deprive a surety of due process of law in violation of Article 1, § 12, of the Constitution of Indiana and the Fourteenth Amendment of the Constitution of the United States to the extent that it deprives the surety of property while almost simultaneously removing said property from the jurisdiction of the courts.

Appellee contends that IC 1971, 35-4-5-12, *supra,* is so vague as to be of little or no value to the bondsman, that it permits a judgment of forfeiture to be entered without the requirement or possibility of a hearing or pleadings, and

that it provides insufficient time in which to challenge the judgment.

A statute is not unconstitutionally vague if the provisions under scrutiny extend fair notice of their import to those to whom the statutes are directed. *Heminger* v. *Police Com'n of City of Fort Wayne* (1974), 161 Ind. App. 72, 314 N.E.2d 827. The 180-day provision of IC 1971, 35-4-5-12, *supra,* states the time within which the bondsman is allowed after a defendant's failure to appear to produce the defendant or satisfactorily explain his absence. This is especially evident when viewed in conjunction with IC 1971, 35-4-5-10 (Burns Code Ed.), which provides the form for recognizances for appearance of prisoners and which further provides that all bonds must be substantially in the prescribed form. Such form clearly states that the judgment of forfeiture will be entered if the surety fails to produce the defendant within 180 days after the mailing of notice of forfeiture.

Appellee next asserts that IC 1971, 35-4-5-12, *supra,* violates the abovementioned constitutional provisions because it allows a judgment of forfeiture to be entered without actual service of notice on the bondsman, without a hearing, and without pleadings. Due process requires notice and an opportunity to be heard. *State ex rel. Red Dragon Diner* v. *Superior Ct.* (1959), 239 Ind. 384, 158 N.E.2d 164; *Mullane* v. *Central Hanover B. & T. Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865.

Appellee does not contend that she did not receive notice and we therefore need not address that issue. And, although the statute does provide that a judgment of forfeiture shall be entered "without pleadings" if the bondsman fails to produce the defendant or satisfactorily explain his absence within the 180-day period, such does not amount to a denial of due process of law. The bondsman is afforded the opportunity to be heard during the 180-day period. During such

period the bondsman may produce the defendant or assert any other available defenses. Due process does not require that the defendant in every instance actually have a hearing on the merits, but only that he be granted an opportunity at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case. *Boddie* v. *Connecticut* (1971), 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113. The statute under consideration provides such an opportunity to a bondsman.

Finally, with respect to the contention that insufficient time is afforded in which to challenge a judgment of forfeiture, appellee should have preserved her interests in the fruits of the appeal by obtaining a stay at some time before the funds reached the Treasurer of State. After such funds are received by the Treasurer of State, they become vested in the Common School fund and cannot be remitted. There is no issue of due process since an appeal may be granted on such terms and conditions, and with such restrictions as the State sees fit. *State ex rel. Haberkorn, et al.* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62.

The trial court having erred in ordering the Treasurer of the State to remit the forfeiture, the judgment of the trial court is reversed.

Judgment reversed.

Garrard, J., concurs; Staton, P.J., dissents with opinion.

## DISSENTING OPINION

STATON, P.J.—I dissent from the majority opinion for these reasons: (1) the majority has misinterpreted Article 8, § 3 of the Indiana Constitution; (2) accrual to the common school fund depends upon a judicial determination or judgment, and not upon delivery of funds to the state treasurer.

The phrase ". . . shall never be diminished;" in Article 8, § 3 of the Indiana Constitution refers to the principal of the

common school fund. The principal is made up of funds which have properly accrued as part of the principal. The prohibition against diminishing the principal goes only to those funds which have properly accrued and constitute the principal. It does not apply to funds which have been mistakenly forfeited and included in the principal. The intent of Article 8, § 3 is not to foreclose a withdrawal of funds from the principal, which never should have been included in the principal. Here, the same judicial determination of forfeiture was rescinded by a second judicial determination. Whether the fund is a part of the principal of the common school fund depends upon the judicial determination of its character as a forfeiture. The judgment which rescinded the previous judgment of forfeiture nullifies the characterization of the fund, and therefore, it is no longer a part of the principal of the common school fund.

Secondly, the majority's accrual rationale is specious. Assuming that no further action is taken, a fund must accrue to the common school fund when a judicial determination is made that the fund is a forfeiture. The character of the fund, or its accrual, cannot change merely because of a physical delivery of the funds from one custodian to another. The administrative accounting procedures discussed by the majority are merely what they appear to be—accounting procedures. The county auditor is not permitted to change the character of the funds, nor may he determine when the funds shall accrue. If the funds accrue at all, they must accrue when they are characterized by a judicial determination and an accounting entry is made which credits the account to be paid to the treasurer of the State of Indiana.

I would affirm the judgment of the trial court.

NOTE.—Reported at 357 N.E.2d 276.