**ALLIED FIDELITY INSURANCE COMPANY by AAA BAIL BONDS and L.W. Sebring, Appellants,**

v.

**STATE of Indiana, Appellee,**

v.

**INTERNATIONAL FIDELITY INSURANCE CO., INC., by NATIONAL BAIL BONDS and Noel F. Lyons, Attorney-In-Fact, Appellants,**

v.

**STATE of Indiana, Appellee.**

Nos. 4–385A72, 2–485A130.

Court of Appeals of Indiana, Second and Fourth Districts.

June 30, 1986.

Forrest Bowman, Sr., Danny Vaughn, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Allied Fidelity Insurance Company and International Fidelity Insurance Company, Inc., furnished bail bonds for two co-defendants in the amounts of $7500 and $5000. When neither defendant appeared at a preliminary proceeding, the bonds were immediately forfeited and judgment later entered on the forfeiture after the bondsmen failed to produce the defendants within the statutory period. Allied and International claim the court erred because, before the entry of the judgment but long after the 180 day statutory period for production of the defendants and much beyond the 90 day stay of proceedings granted by the court, they established the defendants were jailed in another jurisdiction. We find

the trial court acted properly within the mandate of the applicable statute and affirm.

### FACTS

On February 8, 1984 the co-defendants Harlan Dunbar and Frank J. Dean failed to appear at a court proceeding whereupon the bonds of Allied and International were forfeited and notice given. More than 180 days elapsed and on August 8, 1984, Allied filed a petition entitled "Petition to Stay Judgment on Bond Forfeiture." It claimed a former agent had ineptly handled the search for Dunbar and requested the court to grant a 90 day extension of the entry of judgment. The petition was granted that same day without hearing. On August 17, 1984, International also filed a petition requesting a 90 day extension of time on the entry of judgment against it, the petition claiming International reasonably believed it could produce the defendant Dean if given an extension. This motion was granted the same day without hearing.

The next entry in the record notes that a letter was received by the court on January 21, 1985, from the Marion County Sheriff's Department addressed to the bailiff of Criminal Court No. 4 and signed by Capt. Norman Buckner, Warrant Section, which read as follows:

"We have been informed by the F.B.I. of Andre L. Beard [true name of Dunbar] and Henry Ivy [true name of Dean], now in federal custody in Kansas City, Missouri. Both are fugitives from your court on Cause Number CR84-001D for robbery, habitual offender, failing to appear.

Please be advised that we have your warrant on him [sic] as a detainer, how-ever, it may be sometime [sic] before he [sic] is returned."

Judgments of forfeiture were entered against Allied (on February 14, 1985) and against International (on February 25, 1985) stating that Allied and International had failed to produce the defendants within 180 days as provided by law and adjudging that the State of Indiana recover from Allied the sum of $7503.70 and from International the sum of $5003.70.

Both bonding companies moved to set aside the judgments asserting the defendants were in federal custody (Allied stated that Dunbar was arrested by the F.B.I. on January 24, 1985 as a result of information supplied by Allied) and praying that (1) the court find the defendants were currently and at the time of the judgment of forfeiture in the custody of the United States, (2) that their failure to appear was not with the consent or connivance of the sureties, and (3) that pursuant to IND. CODE 35-4-5-12(b)(2), the judgments of forfeiture should be set aside. The motions to set aside judgments and motions to correct errors were denied and the parties proceeded with this appeal.

### DECISION

At the outset we note that a "bond in a criminal action is in the nature of a contract between government on the one side and the defendant and his surety on the other." 8 Am.Jur.2d *Bail and Recognizance*, § 61 (1980). When the bonds in question were executed, a bondsman who provided bail for a defendant who failed to appear had to either produce the defendant or satisfy the other terms of his agreement, all within 180 days.[1] *State v. Elliott*

---

1. Indiana Code § 35-4-5-12(b), since repealed, set forth the procedure required in the forfeiture of recognizance bonds or bail bonds. At the time that the bondsmen entered into this contractual obligation with the State of Indiana, IC § 35-4-5-12(b) read as follows:

"... if the bondsmen do not produce the defendant or prove that the appearance of the defendant was prevented by illness, or by the death of a defendant, *or the trial defendant was being held in custody of the United States,*

a state or a political subdivision thereof, or if required notice was not given within one hundred eighty [180] days after such mailing and pay all costs and satisfy the court that the defendant's absence was not with the consent or connivance of the sureties, the court shall at once enter judgment, without pleadings and without change of judge or change of venue, against the bondsmen for the amount of the bond and the clerk shall at once record the judgment." (Emphasis added)

(1977), 171 Ind.App., 389, 357 N.E.2d 276. There is no suggestion in this record that the bondsmen, within the 180 days, brought themselves within any of the terms of the agreement which would excuse payment.

Nor do we observe in this record any indication that the bondsmen claim the defendants were in federal custody at any time during their 180 day contractual redemption period. They were therefore obligated to pay the amount of the bond and the judgment entered by the trial court was correct.

Admittedly, there are issues presented here that might be considered as clouding the situation. First, after the 180 day period had expired, the court granted stays of entry of judgment. But the orders on their faces did not purport to alter or amend the terms of the bond. A trial court has the power to enter a stay in order to preserve the due process rights of the bondsman. In *State v. Elliott, supra*, the statute in question was challenged because it failed to provide specifically for a hearing before a judgment of forfeiture. The statute provided that a judgment of forfeiture shall be entered "without pleadings" if the bondsman failed to produce the defendant or satisfactorily explain his absence within the 180 day period. Judge Hoffman noted that due process does not require that the defendant in every instance actually have a hearing on the merits, "but only that he be granted an opportunity at a meaningful time and in a meaningful manner for a

hearing appropriate to the nature of the case." *Id.* 357 N.E.2d at 279. Thus, we can foresee a situation where a bondsman—claiming either that he had complied with the statute or he had not received notice—can not be afforded a hearing within the 180 day period and due process would require a hearing after the period had expired.

But we have searched high and low to find language in the statute which would permit the trial judge to alter or amend the terms of the contract. We find no such language and the bondsmen have not suggested that such language exists. If the trial judge had the power to extend the 180 day period for an additional 90 days, why would he not have the power to extend it for a year or indefinitely. Such authority, of course, is non-existent and in the judgments in these cases the trial court correctly based its findings on the failure of the bondsman to comply within the original 180 days. The bondsmen here seek relief on the basis of events occurring long after the 180 day statutory period. Their appeal has no merit.

Affirmed.

YOUNG, P.J., and CONOVER, J., concur.

The Indiana General Assembly amended IC § 35–4–5–12(b) in the Spring of 1984 and the changes became effective September 1, 1984, *see* Acts 1984, P.L. 175–1984 § 2. Indiana Code § 35–4–5–12(b) as amended read as follows:
"(b) If the bondsman does not:
(1) produce the defendant; or
(2) prove:
(A) that the appearance of the defendant was prevented:
(i) by the defendant's illness or death;
(ii) *because the defendant was at the scheduled time of appearance or currently is in the custody of the United States,* a state, or a political subdivision thereof; or
(iii) because the required notice was not given; and
(B) the defendant's absence was not with the consent or connivance of the sureties;

then one hundred eighty (180) days after the mailing of notice required under subsection (a)(2), the court shall at once enter judgment, including costs, without pleadings and without change of judge or change of venue, against the bondsmen for the amount of the bond and costs and the clerk shall at once record the judgment." (Emphasis added)
It is unnecessary here to attempt to analyze the meaning of the changes effective September 1, 1984. Whether the amendment sought to clarify the earlier language or whether the change indicated a change in meaning from the earlier language is of no consequence since there is no dispute that the bondsman failed to comply with the statute within the statutory 180 days period.
I.C. 35–4–5–12 has been repealed. For the current version see IND.CODE 27–10–2–12.