**Marjorie O'LAUGHLIN, Treasurer of the State of Indiana, Appellant (Applicant for Intervention Below),**

v.

**Dixie BARTON, Appellee (Plaintiff Below),**

**Helen Keubler (Garnishee Defendant Below),**

**Mohamed Fadli (Defendant Below).**

**No. 82S01–9002–CV–131.**

Supreme Court of Indiana.

Feb. 13, 1990.

Linley E. Pearson, Atty. Gen., Samuel L. Bolinger, Deputy Atty. Gen., Indianapolis, for appellant.

James R. Rode, Evansville, for appellee.

## ON CIVIL PETITION FOR TRANSFER

GIVAN, Justice.

In her motion to correct error, appellant claimed the trial court erred in finding that the proceeds of a cash bail bond posted on behalf of a defendant, Mohammed Fadli, in a criminal case were subject to garnishment for a judgment obtained by Dixie Barton in a civil case for injuries suffered as a result of a beating incident that occurred on January 11, 1987.

In an unpublished opinion, the Court of Appeals did not reach the merits of the case but sustained appellee's motion to dismiss the appeal. The Court of Appeals approached the case from the position that the appeal was from a denial of a motion to intervene which was filed subsequent to the trial court's striking on November 10, 1987 of the appearance of the Attorney General and the striking of appellant's memorandum in opposition to awarding Barton the $100,000 cash bail bond. The rulings on these motions were made on December 1, 1987.

At that time, the trial judge ruled that Fadli's bail bond was revoked, pursuant to Ind.Code § 35–33–8–5(d)(3), as of March 2, 1987 when Fadli failed to surrender his

passport and was ordered arrested and held without bond. Also, at that time, the trial court entered judgment awarding Barton the $100,000 cash bail bond. On December 3, 1987, appellant filed a written petition for stay of judgment which was sustained by the trial court.

On January 25, 1988, appellant filed a motion to correct error; the trial court, however, sustained Barton's motion to strike appellant's motion to correct error. Subsequently, appellant filed a timely motion for praecipe; however, again Barton filed a motion to strike, which was sustained by the trial court. The trial court did continue the stay in effect and ruled that the records of the case were public and might be obtained by appellant for whatever purpose she sought in the case.

On March 29, 1988, appellant filed a motion for intervention which was denied by the trial court. Apparently it is the ruling on this motion for intervention that the Court of Appeals presumed to be the subject of this appeal. However, appellant's motion to correct error is directed at the trial court's ruling made prior to the motion to intervene.

The March 29 motion to intervene seems totally superfluous in this case. The content of the motion had been ruled on previously by the trial court, and it is from those prior rulings that this appeals lies.

When Fadli first was arrested as a result of the incident giving rise to Barton's suit against him, he was placed on a $100,000 cash bail bond. However, when he failed to surrender his passport as ordered by the court, the court then, pursuant to Ind.Code § 35–33–8–5(d)(3), revoked the bond and ordered Fadli arrested.

On May 6, 1987, Fadli failed to appear in criminal court. At that time, it was mandatory for the trial court to forfeit appellant's bond absent good reason for his failure to appear. Prior to the enactment of P.L. 203–1980, which amended Ind.Code § 35–4–5–12, the law was clear that a forfeiture be declared upon a defendant's failure to appear. *Ramsey v. State* (1932), 204 Ind. 212, 183 N.E. 648.

However, as observed by the Attorney General, 1981 Op.Att'y.Gen.Ind. 1, the legislature in amending Ind.Code § 35–4–5–12 did not provide for forfeiture by a defendant when he had posted only ten percent of his bond as allowed by the statute. Presumably Ind.Code § 35–33–8–7 was added by P.L. 204–1982 to correct this omission.

However, this attempted correction gives rise to some confusion, as reflected in the briefs of this case, in leading one to believe that a forfeiture could occur only if the defendant had been let to bail pursuant to Ind.Code § 35–33–8–3(a)(2). If one could engage in such supposition, this would leave the State without the ability to forfeit bonds for those who had been let to bail pursuant to Ind.Code § 35–33–8–3(a)(1). This obviously was not the intent of the legislature.

Again, the confusion in the statutes apparently was recognized by the legislature when they passed P.L. 5–1988, which is now Ind.Code § 35–33–8.5–9, which states *inter alia*:

> "All recognizances, taken to secure the appearance of a defendant in the circuit court to answer a criminal charge.... Judgments, if any, rendered as in this article provided, in the event of the forfeiture of any recognizance bond affected by this article,...."

When a cash bail bond is forfeited, the clerk is required to transfer the money to the state Common School Fund. The Treasurer of the State of Indiana is the keeper of the Common School Fund. *See State v. Elliott* (1976), 171 Ind.App. 389, 357 N.E.2d 276. Appellant was a necessary and indispensable party to the determination of Barton's right to appellant's posted cash bond. *See City of Evansville v. Byers* (1964), 136 Ind.App. 448, 202 N.E.2d 399; and *County Department of Public Welfare of Lake County v. Morrow* (1973), 158 Ind.App. 106, 301 N.E.2d 787.

The trial court erred when it failed to forfeit the defendant's bond when he failed to appear. Although Fadli's bail had been revoked earlier for failure to bring in his passport, it is apparent that this failure was simply part of his plan to flee the jurisdiction of the court before trial. It also erred when it struck the appearance of the Attorney General on November 10, 1987 and when on December 1, 1987 it struck appellant's memorandum in opposition to awarding Barton the $100,000 cash bond. When Barton filed her verified motion in proceeding supplemental to execution, the state automatically became a party to the action.

Appellant's petition to transfer is granted; the trial court is reversed; and this cause is remanded with instructions to enter judgment ordering appellant's cash bond forfeited and ordering the Clerk of the Vanderburgh Circuit Court to transmit the funds resulting from said forfeiture to the Treasurer of the State of Indiana for placement in the Common School Fund.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

In this case, bail was set at $100,000. A cash deposit of $100,000 was made in lieu of bail. This deposit was subjected to an attachment appertinent to a civil action on February 24, 1987. This "bond" was revoked pursuant to I.C. 35–33–8–5(d)(3) on March 2, 1987, when Fadli, the defendant, failed to surrender his passport and was ordered arrested and held without bail. The State moved for revocation on March 31, 1987, which motion was not ruled upon. Revocation had, of course, previously occurred. On May 6, 1987, the defendant Fadli failed to appear for trial. On December 1, 1987, in proceedings supplemental to a civil judgment rendered against Fadli for injuries sustained as a result of conduct underlying the criminal charges, the trial court ruled that the cash deposit should be released to satisfy the judgment in the civil case.

At the time the cash deposit, or "bond," was ordered revoked in March of 1987, there were no legal grounds upon which to declare such deposit or "bond" forfeited or

to declare a judgment for the State in that amount, as there had as yet been no failure of Fadli to appear before the court as ordered, a statutorily required condition for forfeiture. I.C. 35–33–8–7. At the time of revocation, the cash deposit was not subject to a declaration of forfeiture, ceased to operate as bail, and was the property of Fadli. The deposit was therefore properly ordered subjected to attachment by creditors.

DICKSON, J., concurs.