**INTERNATIONAL FIDELITY INSUR-ANCE CO., INC., Appellant (Intervenor Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49A02–8908–CV–379.[1]

Court of Appeals of Indiana, First District.

March 12, 1991.

1. This case was reassigned to this office on January 2, 1991.

Robert W. Freese, Elmendorf, Meyer & Freese, Brownsburg, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

2. IND.CODE § 35–43–2–1.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

International Fidelity Insurance Co., Inc. (International) appeals the forfeiture of appearance bonds for two (2) defendants, Sabina Kokot and Jozef Buszynski. We affirm in part and reverse in part.

## ISSUES

We restate International's issues on appeal as follows:

1. Did the trial court err in finding International failed to "produce the defendant" as required under IND.CODE § 27–10–2–12?

2. Did the trial court err in finding the 1989 amendments to I.C. § 27–10–2–12, which allow the trial court to waive the late surrender fee upon a showing that the surety made diligent efforts to locate the defendant, do not apply to International's petitions for release of surety?

3. Did the trial court err in denying International's petition to reinstate Buszynski's bond?

## FACTS

On November 12, 1987, defendants Kokot and Buszynski (collectively "Defendants") were charged by information with Burglary[2] and Theft[3]. Bond was initially set at Fifty Thousand Dollars ($50,000.00) but was later reduced to Thirty Thousand Dollars ($30,000.00) for each defendant. Kokot posted bond on December 22, 1987, with International as surety. On May 19, 1988, the State filed a petition to revoke Kokot's bail because she had been arrested in Kentucky on burglary charges. The court revoked Kokot's bond and issued an arrest warrant. A revocation hearing was set for June 14, 1988.

When Kokot failed to appear at the revocation hearing, the court ordered her bond forfeited. The court also issued to International a Notice of Order to Produce Defendant. On September 9, 1988, International filed a Motion for Release of Surety, claim-

3. IND.CODE § 35–43–4–2.

ing they had made a good faith effort to comply with the court's order. On November 11, 1988, International filed a second motion, seeking either (1) a release of surety or (2) a reinstatement of the defendants' bonds in order to allow International additional time to produce the defendants. On January 15, 1989, the court's order of forfeiture of Kokot's bond was reduced to judgment.

On April 14, 1989, a hearing was held, after which the trial court denied International's motion as to both defendants. International initiated an appeal on May 9, 1989, by filing a praecipe. On September 28, 1989, International filed a motion to reconsider the bond forfeiture based on 1989 amendments to I.C. § 27–10–2–12. The court took the matter under advisement, and denied International's motion to reconsider on October 25, 1989.

This appeal followed.

## DISCUSSION AND DECISION

*Issue One*

■ International claims the trial court erred when it found International failed to comply with the following statutory provision:

"(a) If a defendant does not appear as provided in the bond:

(1) The court shall:

(A) Issue a warrant for the defendant's arrest; and

(B) Order the bondsman to surrender the defendant to the court immediately

.        .        .        .        .

(b) The bondsman must;

(1) *Produce the defendant;* or

(2) Prove:

(A) That the appearance of the defendant was prevented:

(i) By the defendant's illness or death;

(ii) Because the defendant was at the scheduled time of appearance or currently is in the custody of the Unit-

ed States, a state, or a political subdivision thereof; or

(iii) Because the required notice was not given; and

(B) The defendant's absence was not with the consent or connivance of the sureties."

I.C. § 27–10–2–12 (emphasis added).

The record indicates that Chicago police officers found both defendants at an address provided by International. Buszynski escaped, but Kokot was arrested. Kokot was then released on bond. International claims that it could not go to Illinois and force Kokot to return to Marion County,[4] and that "[o]nce Defendant was produced in the Illinois court, International Fidelity had no further control over Defendant Kokot." Appellant's brief at 15. On appeal, International claims it "produced" Kokot when it caused her to be produced in an Illinois court.

While subsection (b)(1) requires the surety to "produce the defendant", it fails to indicate exactly *where* the surety must produce him. We find I.C. § 27–10–2–12(b) requires the surety, after proper notice is given, to produce the defendant in the court in which the order was given. *See Allied Fidelity Ins. Co. v. State* (1986), Ind.App., 494 N.E.2d 985, 986–87. Any other construction would have an illogical, if not absurd, result. *See State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739 ("it cannot be presumed the General Assembly intended language used in a statute to be applied in an illogical manner.)

We find no error in the trial court's determination that International failed to "produce the defendant".

*Issue Two*

■ International next claims the trial court erred in not applying the 1989 amendments of I.C. § 27–10–2–12, effective August 1, 1989, to their petitions for relief of

---

**4.** At the hearing held April 14, 1989, an International employee testified that Illinois does not allow a bondsman to use his arrest power in that state. Record at 112–13.

surety. The amendments give the trial court discretion to waive the late surrender fee in certain circumstances.[5]

██ We remind International that retroactive application of statutes and amendments is the exception, not the rule. *Gosnell v. Indiana Soft Water Service, Inc.* (1987), Ind., 503 N.E.2d 879, 880. "Our courts have observed a strict rule of construction against retrospective operation, and indulge in the presumption that the legislature intended statutes and amendments to operate prospectively only, unless the intention is unequivocally and unambiguously shown by necessary implication." *Turner v. Town of Speedway* (1988), Ind. App., 528 N.E.2d 858, 863 (citation omitted). Furthermore, we note the forfeiture of Kokot's bond was reduced to judgment prior to the amendment's effective date. When a final judgment has been rendered in a case, a subsequent statutory amendment will not apply. *Robinson v. State* (1912), 177 Ind. 263, 266, 97 N.E. 929, 930; *Osborn v. Sutton* (1886), 108 Ind. 443, 449, 9 N.E. 410, 413. *See also Davidovic v. State* (1980), Ind.App., 408 N.E.2d 647, 651 (defendant cannot take advantage of ameliorative sentencing statute where defendant's judgment is final prior to the effective date of the statute).

We find no reason to depart from the general rule in this case. The trial court did not err in refusing to apply the amended version of I.C. § 27–10–2–12 to International's petitions for release of surety.

*Issue Three*

██ International's final allegation is that the trial court erred in denying its petition to reinstate Buszynski's bond. International has attached to its appellant's brief a file-marked copy of International's petition to revoke Buszynski's bond, and the State agrees such a petition was made.[6] However, in the record before us, we find no indication that Buszynski's bond was ever forfeited. Indeed, there is no record of any proceeding or hearing on the issue of revocation of his bond. Thus, for all the record shows, Buszynski's bond is still in effect. Never having been forfeited, so far as the record is concerned, there was nothing to reinstate. To the extent that the trial court's denial of International's petition to reinstate Buszynski's bond may be construed to be a judgment that Buszynski's bond is forfeited, it is in error.

The judgment is affirmed as to the revocation of Kokot's bond. To the extent that the judgment of the trial court purports to revoke Buszynksi's bond, it is reversed.

Affirmed in part and reversed in part.

BUCHANAN and STATON, JJ., concur.

5. "(e) The court may waive the late surrender fee or extend the period for payment beyond the statutorily permitted period, or both, if the following conditions are met:
(1) A written request is filed with the court and the prosecutor.
(2) The surety or bondsman provides evidence satisfactory to the court that diligent efforts were made to locate the defendant."

I.C. § 27–10–2–12(e).

6. We remind the parties that a case is not made by statements of counsel, but by the record. *Scales v. State* (1990), Ind.App., 563 N.E.2d 664, 664 n. 1.

1. This case was reassigned to this office on January 2, 1991.