Slaughter, J., dissenting.
 

 The Court holds that a defendant organization's "principal office" for preferred-venue purposes should be the county where it maintains its headquarters, not where its registered agent is located. As a policy matter, that outcome makes eminent sense to me, especially in light of recent changes to Indiana's business-organizations law. I am unable to join the Court's opinion, however, because the better way to effectuate that policy change is by formally amending our trial rules and not reinterpreting them by judicial fiat with retroactive application. But until that happens-until we amend our rules to provide for such change-I would continue to follow the understanding of "principal office" that has prevailed for nearly fifty years. On this record, that means both plaintiffs should be able to proceed with their respective suits in Marion County. Thus, I would affirm the trial court in
 
 Noel
 
 and reverse in
 
 Morrison
 
 .
 

 Since 1970, litigants and lower courts have understood "principal office" in Trial Rule 75 to refer to the location of a defendant organization's registered agent. Years later, we reinforced this understanding in
 
 American Family Insurance Company v. Ford Motor Company
 
 ,
 
 857 N.E.2d 971
 
 (Ind. 2006), in holding that Ford's principal office for venue purposes is Marion County because that is where its registered agent is located. Despite this longstanding application, the Court today reverses course. It
 says that
 
 American Family
 
 applied only to foreign corporations, as if "principal office" in Rule 75 means one thing for a domestic organization and something else for a foreign organization. That conclusion finds no support in the text of Rule 75 and is contrary to both the rationale of
 
 American Family
 
 and the opinion's opening words: "We hold that the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a
 
 domestic or foreign
 
 corporation's registered office in Indiana."
 
 Id
 
 . at 972 (emphasis added).
 

 Nothing in Rule 75 compels today's decision. The rule nowhere says "principal office" means something different depending on an organization's foreign or domestic status. What prompts today's about-face, rather, is a 2018 legislative change that now defines "principal office" to refer to an organization's "principal executive office".
 
 Ind. Code § 23-0.5-1
 
 .5-29. Elsewhere, the statute purports to dictate to us that the address of an organization's registered agent "does not determine venue in an action or a proceeding involving the [organization]."
 
 Id
 
 . § 23-0.5-4-12.
 

 As we have long held, our rules governing the practice and procedure in our courts prevail over any conflicting statute. "On matters of procedure, to the extent a statute is at odds with our rule, the rule governs."
 
 Garner v. Kempf
 
 ,
 
 93 N.E.3d 1091
 
 , 1099 (Ind. 2018) (citation omitted). The Court acknowledges that the disputed venue statutes here are "procedural in nature." But it nevertheless concludes that these statutes somehow "do not conflict with our trial rules." The conflict is self-evident. Our longstanding interpretation of "principal office" refers to the registered agent's location, which on this record is Marion County for both plaintiffs. The statutes, however, purport to dictate the opposite result-that Marion County is
 
 not
 
 a county of preferred venue for either plaintiff because, according to the statute, "[t]he address of the [registered] agent does not determine venue in an action or a proceeding" involving an organization. I.C. § 23-0.5-4-12. These irreconcilable results mean the statutes must yield to our rule. I would apply Rule 75 as it has long been understood and hold that Marion County-where IU Health's registered agent is located-is a preferred venue in both
 
 Noel
 
 and
 
 Morrison
 
 .