John HOBBS, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1182A332.

Court of Appeals of Indiana, First District.

July 26, 1983.

Rehearing Denied Aug. 29, 1983.

Joseph B. Barker, Martinsville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard E. Hagenmaier Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Following trial by the court, John Hobbs was convicted of two counts of criminal recklessness, a class A misdemeanor;[1] two counts of leaving the scene of a personal injury accident, a class A misdemeanor;[2] leaving the scene of a property damage accident, a class B misdemeanor;[3] failure to stop at a stop sign, a class C infraction;[4] and disregarding an automatic signal, a class C infraction.[5] Hobbs was fined $100 on each of the first five convictions and $25 on each of the two infractions. In addition, he received a one year sentence on each of Counts I, II, III, and IV, and a 180 day sentence on Count VI. The sentences imposed on Counts I and III were consecutive and the rest were to be served concurrently. The court suspended all sentences except for 180 days at the Indiana State Farm and placed Hobbs on probation for two years on condition that all fines, costs, and property damages be paid. Hobbs appeals. We affirm.

## FACTS

On October 21, 1981, Hobbs drove a pickup truck at a high rate of speed through two intersections in Martinsville, disregarding an automatic traffic signal at one and a stop sign at the other, colliding with a police car injuring the officer driving the police car, and then striking parked vehicles damaging them. Hobbs did not stop at the scene of any of such collisions. Hobbs claimed his failure to stop at the intersections was the result of a mechanical problem with the truck. He stated he did not remember leaving the scene because he hit his head in the collision. The trial judge declined to believe Hobbs' testimony and

---

1. West's AIC § 35–42–2–2(a) (1982–83 Supp.).

2. West's AIC § 9–4–1–40.

3. West's AIC § 9–4–1–40.

4. West's AIC § 9–4–1–110 (1982–83 Supp.).

5. West's AIC § 9–4–1–35.

entered the judgments of conviction and sentences aforesaid.

Hobbs waived jury trial. He moved for a change of judge which was denied after a hearing. He also moved to dismiss the charges because the prosecuting attorney selected the court in which to file the charges, contending a blind assignment of cases should be made by the clerk. This motion was also denied. Hobbs further objected to the court's considering the presentence report because the probation officer who prepared it was married to a police officer. This objection was overruled.

## ISSUES

Hobbs raises three issues which we have renumbered and restated in the interests of clarity.

1. Was it error for the trial court to deny Hobbs' motion for change of judge?

2. Is the practice of allowing the prosecutor to select the court in which criminal charges are filed a denial of a defendant's right to a fair trial?

3. Was Hobbs denied a fair trial because the court considered a pre-sentence report prepared by a probation officer who was married to a police officer?

## DISCUSSION AND DECISION

*Issue One*

Hobbs argues that the trial court should have granted his motion for change of judge. The trial court denied the motion because Hobbs failed to establish proper grounds under West's AIC § 35–36–5–2 (1982–83 Supp.) and Indiana Rules of Procedure, Criminal Rule 12 as amended July 1, 1981. The statute provides:

"Sec. 2. The defendant and the state may obtain a change of judge if the judge:

(1) is biased or prejudiced against the moving party and that the moving party cannot obtain a fair trial before the judge;

(2) is related by blood or marriage to any party to the cause;

(3) is unable to properly perform the functions of his office because of mental or physical disabilities;

(4) is disqualified by reason of any conflict of interest; or

(5) should be disqualified for any other cause.

A motion made under this section must be verified or accompained [sic] by an affidavit specifically stating facts showing that at least one (1) of these causes exists. The motion must be filed within the time limitations specified in Indiana Rules of Criminal Procedure. *As added by Acts 1981, P.L. 298, SEC. 5.*"

Criminal Rule 12 which was amended July 1, 1981, by our supreme court to implement West's AIC § 35–36–5–2 provides in applicable part:

"In any criminal action, a motion for change of judge or change of venue from the county shall be verified or accompanied by an affidavit signed by the Criminal Defendant or the Prosecuting Attorney setting forth facts in support of the statutory basis or bases for the change. Any opposing party shall have the right to file counter-affidavits within ten [10] days, and after a hearing on the motion, the ruling of the court may be reviewed only for abuse of discretion . . . ."

■ First, we observe that Hobbs' motion for change of judge failed to comply either with the requirements of the statute or the rule. The motion merely stated that Hobbs believed the judge was biased and prejudiced against him. This does not constitute an affidavit specifically stating the facts showing the existence of the cause for change of judge required by both the statute and the rule. The trial judge would have been justified in denying the change of judge because of the insufficiency of the motion. In addition, Hobbs failed to establish prejudice at the hearing. In fact, the combined motion for change of judge and motion to dismiss filed by Hobbs' counsel concedes that he could not prove specifically the alleged bias and prejudice of the judge. (Record at 26.)

■ Hobbs next argues that the language contained in the preamble to Public Law 204 enacted by the 1982 session of the legislature establishes that there was no intention to change the former practice allowing automatic changes of judge in criminal cases by the enactment of West's AIC § 35–36–5–2, and that, therefore, he had a right to an automatic change of judge. Hobbs is in error.

The preamble to Public Law 204, Acts 1982, states:

"WHEREAS, Acts 1981, P.L. 298 was an act to restate the criminal procedure laws of Indiana with some revisions; and

WHEREAS, IC 35–36–5 was a restatement of the prior law concerning change of judge and not a revision of that law: Therefore,

IC 35–36–5 shall not be construed to have changed the prior law of Indiana concerning change of judge, specifically the rule of law permitting automatic change of judge upon request."

We point out that this language is in the *preamble* to an act relating to criminal procedure. The language is not in the act itself. A preamble is not an essential or effective part of an act. 73 Am.Jur.2d *Statutes* § 92 (1974). A preamble may be considered in ascertaining legislative intent in construing an ambiguous statute, but it is not controlling. *Besozzi v. Indiana Employment Security Board,* (1957) 237 Ind. 341, 146 N.E.2d 100, *trans. denied; State v. Ohio Oil Co.,* (1898) 150 Ind. 21, 49 N.E. 809; 73 Am.Jur.2d *Statutes* § 92 (1974). As our supreme court said in *Ohio Oil Company,* quoting from *Yazoo & Mississippi Valley Railroad Co. v. Thomas,* (1889) 132 U.S. 174, 10 S.Ct. 68, 33 L.Ed. 302: "[T]he preamble is no part of the act, and cannot enlarge or confer powers nor control the words of the act, unless they are doubtful or ambiguous . . . ." 150 Ind. at 33, 49 N.E. 809.

Our examination of West's AIC 35–36–5–2 reveals nothing which is doubtful or ambiguous. It is clear that a showing of one of the statutory grounds is necessary in order to obtain a change of judge. Our supreme court responded to the clear requirements of the statute in its July 1, 1981, amendment of C.R. 12. The language in the preamble to Public Law 204, Acts 1982, does not reinstate the automatic right to change of judge in criminal cases. Therefore, the court did not err in denying Hobbs' motion for change of judge.

*Issue Two*

■ Hobbs next contends he was denied a fair trial because the prosecutor was allowed to select the court in which to file the charges in the instant case. Specifically, he argues that because both the Morgan Circuit Court and the Morgan Superior Court have criminal jurisdiction, due process requires that a blind assignment of criminal cases to those courts should be made by the clerk rather than permitting the prosecutor to file in the court of his choice. Hobbs cites no authority in support of this novel argument. Ordinarily, failure to cite authority in support of an issue amounts to a waiver of that issue. *Glover v. Ottinger,* (1980) Ind.App., 400 N.E.2d 1212; *Arnold v. Dirrim,* (1979) Ind.App., 398 N.E.2d 442. The requirement of citation of authorities applies only if such authorities exist. *Ralston v. State,* (1980) Ind.App., 412 N.E.2d 239, *trans. denied.* Here, Hobbs makes no contention that no authority exists on this issue. Rather, the cases he cites are not relevant to the point asserted. *Griffin v. Illinois,* (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (deals with the denial of a transcript to an indigent defendant); *In re Winship,* (1970) 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (juveniles, like adults, are constitutionally entitled to proof beyond a reasonable doubt when charged with violations of criminal law); and *Wardius v. Oregon,* (1973) 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (defendant cannot be required to comply with notice of alibi statute unless he is afforded reciprocal discovery). None of these cases supports Hobbs' position and he cites no authority which does. Bald assertions of error unsupported by authority present no question for appellate review. *Vohland v. Sweet,* (1982) Ind.App., 433 N.E.2d 860, 866. Although Hobbs has preserved no question for our

review on this issue, and the issue is waived, we, nevertheless, decline to adopt a rule which would require the clerk to make blind assignments of criminal cases among all courts having criminal jurisdiction. We specifically hold that such a system of filing cases is not required.

The court did not err in denying the motion to dismiss.

*Issue Three*

 Hobbs' last contention is that he was deprived of a fair trial because the court considered a pre-sentence investigation report prepared by a probation officer who was married to a policeman. He fails to support this issue with either cogent argument or citation to authority, thus the issue is waived. *Whitaker v. St. Joseph's Hospital,* (1981) Ind.App., 415 N.E.2d 737. Further, we observe that Hobbs has failed to show prejudice. The pre-sentence report recommended an extended period of incarceration. The actual sentence imposed was much more lenient. Under such circumstances, we fail to see how Hobbs was prejudiced by the pre-sentence report.

Judgment affirmed.

BUCHANAN, C.J. (by designation), and NEAL, J., concur.