**Marjorie O'LAUGHLIN, Treasurer of the State of Indiana, Appellant (Applicant for Intervention Below),**

v.

**Dixie BARTON, Appellee (Plaintiff Below),**

**Helen Keubler, (Garnishee Defendant Below),**

**Mohammed Fadli, (Defendant Below).**

No. 82S01–9002–CV–131.

Supreme Court of Indiana.

May 30, 1991.

Linley E. Pearson, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellant.

James E. Rode, Evansville, for appellee.

GIVAN, Justice.

In January of 1987, Mohammed Fadli was charged with the battery of Dixie Barton. Fadli was released on a $100,000 cash bond. Thereafter Fadli failed to appear and eventually the bond was forfeited. Barton's attorneys notified the trial court that she had filed a civil suit against Fadli and moved the court to hold the bond pending resolution of the civil cause. Fadli's bond was revoked on March 2, 1987, which order was reaffirmed by the trial court on December 1, 1987. No further proceedings were taken on the bond pending the outcome of the case of Barton v. Fadli.

Eventually Fadli defaulted. However, a jury was assembled to assess Barton's damages. The jury awarded Barton $413,-000 in actual damages and $500,000 in punitive damages. Judgment on that verdict was entered October 16, 1987. Barton then proceeded in her attempt to attach the $100,000 cash bond which had been forfeited by Fadli.

On December 1, 1987, the trial court entered judgment ordering the cash bond paid to Barton. However, O'Laughlin appealed and eventually the Court of Appeals granted Barton's motion to dismiss the interlocutory appeal without prejudice. On February 13, 1990, this Court granted transfer, reversed the decision of the trial court, and remanded the cause with instructions to enter judgment ordering Fadli's cash bond forfeited and the clerk of the Vanderburgh Circuit Court to transmit the funds resulting from said forfeiture to the

Treasurer of the State of Indiana for placement in the common school fund. *O'Laughlin v. Barton* (1990), Ind., 549 N.E.2d 1040 (DeBruler, J., dissenting with opinion in which Dickson, J., concurred).

While this case was pending on petition for rehearing in this Court, the Legislature passed Senate Bill 15, enrolled as P.L. 36–1990, which in Sec. 7 amended Ind.Code § 35–33–8–7 to provide that a criminal court, having notice of a pending civil action or an unsatisfied judgment against a criminal defendant arising out of the same transaction or occurrence forming the basis for the criminal case, "shall order payment of all or any part of the deposit to the plaintiff in the action, as is necessary to satisfy the judgment." Following the passage of this statute, this Court denied Barton's petition for rehearing and the case was certified to the trial court under the mandate of that decision.

Barton again filed her petition to have the forfeited bond of $100,000 paid to her in partial satisfaction of the judgment rendered in the civil case. She cited as her authority the statutory amendment set forth above. She took the position that it was the intent of the Legislature that the amended statute should be applied retroactively. To support her position on the intent of the Legislature, she submitted the affidavits of four persons. Exhibit 1 was the affidavit of Senator Dick Young, who stated that he was the author of Senate Bill 15 and that he consented to the amendment described above. His affidavit states that he did this with full knowledge of the Barton v. Fadli case and the position of the State concerning the proceeds from Fadli's bond and that he was aware of our prior decision in the case.

Essentially the same statement was made in Plaintiff's Exhibit 2, which was the affidavit of Senator Greg Server. Almost identical language was used in Plaintiff's Exhibit 3, which was the affidavit of Representative Vaneta Becker, who was the House sponsor of Senate Bill 15. Exhibit 4 was the affidavit of Rebecca J. Brown, Senior Staff Attorney for the Legislative Services Agency, who prepared the conference committee report in 1990 on Senate Enrolled Bill 15. This affidavit merely states her version of the purpose of the bill. However, there is no mention of retroactive intent.

Notwithstanding the mandate of the Supreme Court decision, the trial judge took the position that it was the intent of the Legislature that the amended statute be applied retroactively and ordered the $100,000 bond money paid to Barton.

On June 13, 1990, we issued an order to the Honorable Robert S. Matthews, Magistrate of the Vanderburgh Circuit Court, and James E. Rode, counsel for Barton, to appear before this Court on July 2, 1990 to show cause why they should not be held in contempt of our order of February 13, 1990. The order of the trial court was ordered stayed by this Court and on July 2, 1990, we found that Magistrate Matthews and James Rode were not in contempt of court. However, this Court found that the issues raised were of constitutional significance and should be decided on appeal. The lower court proceedings were stayed further until this appeal could be determined.

O'Laughlin claims the trial court erred in considering the affidavits of Young, Server, Becker, and Brown. It is true that when legislation is susceptible to several widely different constructions, this Court may look to the journals of the two legislative bodies to infer legislative intent. *County Dept. of Pub. Welfare v. Potthoff* (1942), 220 Ind. 574, 44 N.E.2d 494. However, the motive of individual sponsors of legislation cannot be imputed to the Legislature unless there is a basis for it in its statutory expression. *Tinder, Pros. Atty. et al. v. Clarke Auto Co., Inc.* (1958), 238 Ind. 302, 149 N.E.2d 808.

In the case at bar, the statute in fact is not susceptible to several widely different constructions. The statute clearly and concisely states the rights of a criminal victim as outlined above. There is no mention of retroactive application nor may such be inferred from the language of the statute. The affidavits did not explain ambiguities but purported to inject into the

plain wording of the statute a factor which was not there. The trial court erred in considering the four submitted affidavits.

O'Laughlin claims the trial court erred in holding that Barton was entitled to the bond. She points out that in Indiana a statute, absent specific expression to the contrary, cannot have retroactive application, citing *Chadwick, Treasurer v. City of Crawfordsville* (1940), 216 Ind. 399, 24 N.E.2d 937. O'Laughlin further points out that to follow Barton's argument and use the affidavits referred to above renders the amendment unconstitutional. O'Laughlin further contends it is a violation of the separation of powers granted by the Indiana Constitution for the Legislature to pass a statute that annuls the decision of the courts in a particular case, citing *State ex rel. M.T.A. v. Ind. Rev. Bd.* (1969), 144 Ind.App. 63, 253 N.E.2d 725.

■ However, as stated above, we cannot ascribe the supposed intention of the affiants to the membership of the Legislature. Thus we accept the clear language of the statute and presume for the sake of the constitutional question that the Legislature did not intend the retroactive application of the statute to defeat this Court's prior decision in the *O'Laughlin* case.

■ Barton contends our decision was not final because there was a petition for rehearing pending and therefore the statute should be applied because the case was not yet certified back to the trial court. This is quite analogous to the situation in *State ex rel. M.T.A.* where the case was still pending on a petition for rehearing when the Legislature purported to enact a retroactive override of the Court's decision.

The trial court is reversed. This cause is remanded to the trial court with the direct order to enter judgment without delay ordering Fadli's cash bond forfeited and the clerk of the Vanderburgh Circuit Court expeditiously to transmit the funds resulting from such forfeiture to the Treasurer of the State of Indiana for placement in the common school fund.

SHEPARD, C.J., and KRAHULIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

On December 1, 1987, the trial court issued its order and judgment that the cash bail not be forfeited and paid to the State Treasurer, but that it be paid in partial satisfaction of the judgment of Barton against Fadli.

On February 13, 1990, this Court rendered its opinion and decision which reversed the December 1, 1987, judgment and ordered the trial court in lieu thereof to order that the cash bail be forfeited and paid to the State Treasurer. Due to the filing and pendency of a petition for rehearing, this decision did not become final, so as to require the trial court to comply, until April 24, 1990.

On March 20, 1990, Senate Enrolled Act No. 15, amending I.C. 35-33-8-7 became effective, requiring that cash bail "not be declared forfeited by the court and the court shall order the deposited funds held by the clerk."

From this outline, it may be seen that on the day the new amendment became effective, there had been no actual order or judgment of forfeiture made the trial court or finally required by order of this Court.

The general rule is that a law shall be prospective only in the absence of an express statement that it be retroactive. *Chadwick v. City of Crawfordsville* (1940), 216 Ind. 399, 24 N.E.2d 937. The trial court below followed this principle of law in rendering this judgment. It gave prospective application to this new amending statute and did not give it retroactive force. The obligation of the statute is intended to fall upon the trial court, whenever it is called upon to determine the disposition of a revoked bail. At the point in time when the new amendment to the statute became binding and effective, the judicial process of determining the proper disposition of this revoked bail was still *in fieri* and had not yet culminated in a final order of forfeiture. The State's right to payment had not

yet vested. Thus the judgment of the trial court cannot now be reversed upon the basis that it incorrectly accorded the amendment retroactive force. Surely the legislature intended for courts to apply this new procedure whenever, after the effective date of the amendment creating that new procedure, courts decide what to do with revoked bail money.

An issue here, separate from that of statutory retroactivity, is whether this amendment to the statute is unconstitutional under the Indiana Constitution, Article 4, Sections 22 and 23; and Article 3. This is not void as special legislation. It is presumed constitutional. *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585. It is true that it provides a great benefit to the plaintiff Barton, but at the same time the statute does and will benefit other crime victims within the class of which she is representative, is broad and general in scope and application, and is in the spirit of recent legislation recognizing the need of the oft-forgotten crime victim. Furthermore, I would not refuse to apply this amendment because of the separation of powers doctrine. By this amendment, the other two branches of the state government announced that, effective immediately, the State's interest in the receipt of money from this source is exceeded by the interest of the class of injured citizens of which Barton is representative. Under these somewhat unique circumstances I would not refuse enforcement of their judgment in this case. *See In re the Matter of Public Law No. 154–1990* (1990), Ind., 561 N.E.2d 791, 797 (opinion of DeBruler, J., concurring and dissenting).

DICKSON, J., concurs.