Marjorie O'LAUGHLIN, Treasurer of the State of Indiana, Appellant, (Applicant for Intervention Below),

v.

Dixie BARTON, Appellee, (Plaintiff Below),

Helen Keubler, (Garnishee Defendant Below),

Mohammed Fadli, (Defendant Below).

No. 82S01–9002–CV–131.

Supreme Court of Indiana.

Dec. 12, 1991.

Rehearing Denied Feb. 14, 1992.

Linley E. Pearson, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellant.

James E. Rode, Evansville, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition for rehearing of this Court's prior decision in *O'Laughlin v. Barton* (1991), Ind., 571 N.E.2d 1258. For the reasons set forth below, we now grant the petition and affirm the trial court judgment of June 6, 1990.

In January of 1987, Mohammed Fadli was charged with the battery and attempted murder of Dixie Barton. Fadli deposit-

ed $100,000 cash in lieu of bail and was released. Subsequently, Fadli failed to surrender his passport, a condition of his release order, and the trial court then issued a bench warrant for Fadli's arrest and revoked his "bond" on March 2, 1987. The trial court reaffirmed that revocation on December 1, 1987. Fadli eventually failed to appear for his trial and was defaulted.

On February 23, 1987, Barton notified the trial court of her impending civil suit for damages against Fadli, which was filed the following day. She also moved to attach the cash bond pending the resolution of her civil suit, and her amended motion and affidavit for attachment were filed on March 2, 1987. Barton obtained a default judgment on March 24, 1987 and a jury awarded her $913,100 damages. Judgment on that verdict was entered October 16, 1987, and Barton then attempted to execute her judgment by garnishing Fadli's revoked cash bond held by Garnishee Defendant Helen Keubler, Vanderburgh County Clerk.

On December 1, 1987, the trial court entered judgment ordering the cash deposit released to Barton, and that order was stayed pending appeal. O'Laughlin then instituted an appeal, and the Court of Appeals granted Barton's motion to dismiss without prejudice. On February 13, 1990, this Court granted transfer, reversed the judgment of the trial court and remanded the cause with instructions to enter judgment ordering Fadli's cash bond forfeited and ordering the Clerk of Vanderburgh Circuit Court to transmit the funds resulting from said forfeiture to the Treasurer of the State of Indiana for placement in the Common School Fund. *O'Laughlin v. Barton* (1991), Ind., 549 N.E.2d 1040 (DeBruler, J., dissenting with opinion in which Dickson, J., concurred).

Barton filed her first petition for rehearing in this Court on March 5, 1990. On March 20, 1990, during the pendency of that petition, Senate Enrolled Act No. 15, P.L. 36–1990, amending Ind.Code 35–33–8–7 became effective, requiring that a criminal court having notice of a pending civil action or an unsatisfied judgment against a criminal defendant arising out of the same transaction or occurrence forming the basis for the criminal case "shall order payment of all or any part of the deposit to the plaintiff in the action, as is necessary to satisfy the judgment." On April 24, 1990, this Court denied Barton's petition for rehearing and the case was certified to the trial court.

On April 7, 1990, Barton filed her notice and motion pursuant to I.C. 35–33–8–7 as amended in the underlying criminal action. On April 18, 1990, O'Laughlin moved the trial court to stay all proceedings on Barton's motion pending resolution of the petition for rehearing, which stay was granted, and also filed a verified petition for writ in aid of appellate jurisdiction. In this verified petition O'Laughlin requested that this Court stay any proceedings in the Vanderburgh Circuit Court on Barton's motion and "that the trial court be directed to rule upon the disposition of Mohamed Fadli's cash bond only in accordance with the written decision of this Court in this cause entered on February 13, 1990." This Court's order of April 30, 1990, dismissed that petition as moot because Barton's petition for rehearing was denied on April 24, 1990, and stated that "[j]urisdiction is now with the trial court for further proceedings not inconsistent with the opinion of this Court or as allowed by law."

On May 14, 1990, the trial court vacated its stay order and heard argument on the disposition of the cash deposit. Barton introduced as Plaintiff's Exhibits 1 through 4 the affidavits of, respectively, Senators Young (the author of Senate Bill 15), Server, Becker, and Rebecca J. Brown, Senior Staff Attorney for the Legislative Services Agency. The affidavits of the Senators are essentially the same and state that each consented to the amendment described above with full knowledge of the circumstances of Barton's civil action, the State's position on this matter and this Court's decision. The affidavit of Brown, who prepared the conference committee report for 1990 Senate Enrolled Act 15, states her version of the purpose of the bill. The trial court entered its findings of fact, conclusions of law and judgment on June 6, 1990,

which gave effect to the statute as amended by directing the Vanderburgh County Clerk to turn over the cash deposit to Barton. The disposition of the deposit was stayed indefinitely by trial court order of June 21, 1990.

On June 13, 1990, this Court issued an order to the Honorable Robert S. Matthews, Magistrate of the Vanderburgh Circuit Court, and James E. Rode, attorney for Dixie Barton, to appear before this Court to show cause why they should not be held in contempt of our order of February 13, 1990. The trial court order was stayed, and on June 28, 1990, we found that Magistrate Matthews and Mr. Rode were not in contempt of this Court. However, this Court found that constitutional issues were raised which should be decided on appeal, and O'Laughlin was afforded time to institute an appeal of the trial court's order.

O'Laughlin claims that the trial court erred in finding that Barton was entitled to Fadli's cash deposit. She asserts that the amendment to I.C. 35–33–8–7 contained in Senate Enrolled Act No. 15 cannot have retroactive application so as to affect the disposition of Fadli's deposit, and that if the amendment is construed to apply retroactively, that construction would violate the principle of separation of powers and render the amendment unconstitutional because it would annul the decision of the courts in a particular case.

The amendments to I.C. 35–33–8–7 contained in Senate Enrolled Act No. 15 became effective on March 20, 1990, and required that cash bail "not be declared forfeited by the court and the court shall order the deposited funds held by the clerk." On December 1, 1987, the trial court issued its order and judgment that the cash bail not be forfeited but instead paid to Barton in partial satisfaction of her judgment against Fadli. Due to the pendency of a petition for rehearing from this Court's February 13, 1990 opinion and decision, there was no final order or judgment of forfeiture by this Court until April 24, 1990.

■ The general rule is that a law shall be prospective only in the absence of an express statement that it be retroactive. *Chadwick v. City of Crawfordsville* (1940), 216 Ind. 399, 24 N.E.2d 937. The trial court ruled in accordance with this principle, giving the statute prospective application only.

■ The obligation of the statute is intended to fall upon the trial court, whenever it is called upon to determine the disposition of a revoked bail. Barton filed her April 7, 1990, motion before the criminal court that admitted Fadli to bail, pursuant to I.C. 35–33–8–7 as amended by Senate Enrolled Act No. 15, effective March 20, 1990. The proceedings on that motion were stayed pending the disposition of Barton's petition for rehearing. This Court dismissed O'Laughlin's petition for writ in aid of appellate jurisdiction, specifically stating that the "[j]urisdiction of this Court was terminated effective April 24, 1990. Jurisdiction is now with the trial court for further proceedings not inconsistent with the opinion of this Court *or as allowed by law.*" (emphasis added) The trial court then heard argument on Barton's motion on May 14, 1990, and in its order of June 6, 1990, gave effect to the will of the legislature by applying the statute as amended to deposited funds not yet declared forfeited by the court but held by the county clerk at the time the statute became effective. We find that retroactive application was not required to reach this result.

■ O'Laughlin also contends that this Court's order and decision of February 13, 1990 is the "law of the case" and that the trial court had no discretion but to order Fadli's bond forfeited and paid over to the Common School Fund. We disagree. As stated above, this Court's April 30, 1990 order expressly stated that the trial court had jurisdiction to conduct further proceedings as allowed by law. The trial court held a hearing pursuant to I.C. 35–33–8–7 as amended and properly applied the statute.

■ O'Laughlin asserts that to apply the statute as amended to Fadli's cash deposit would be unconstitutional as special legisla-

tion, in violation of the separation of powers mandated by the Indiana Constitution, Article 4, Sections 22 and 23; and Article 3. This application is not void as special legislation. It is presumed constitutional. *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585. It is true that it provides a great benefit to the plaintiff Barton, but at the same time the statute does and will benefit other crime victims within the class of which she is representative, is broad and general in scope and application, and is in the spirit of recent legislation recognizing the need of the oft-forgotten crime victim. O'Laughlin's argument is without merit.

██ Finally, O'Laughlin argues that the trial court improperly considered Plaintiff's Exhibits 1 through 4, the affidavits of Young, Server, Becker, and Brown, respectively, as evidence that the legislature intended Senate Enrolled Act No. 15 to apply retroactively to the case at bar. When legislation is susceptible to several widely different constructions, a court may look to the journals of the two legislative bodies to infer legislative intent. *County Dep't of Pub. Welfare v. Potthoff* (1942), 220 Ind. 574, 44 N.E.2d 494. However, the motives of individual sponsors of legislation cannot be imputed to the legislature, absent statutory expression. *Tinder v. Clarke Auto Co.* (1958), 238 Ind. 302, 149 N.E.2d 808.

██ Senate Enrolled Act No. 15 contains no mention of retroactive application, nor may such intent be inferred from its language. The statute is not susceptible to widely different constructions, and we find that the trial court erred in considering the affidavits. However, because we hold that the trial court gave the statute prospective application only, it was harmless error for the trial court to consider the affidavits as evidence of legislative intent regarding retroactivity.

We therefore grant the petition for rehearing and affirm the trial court's judgment of June 6, 1990, finding for Barton under the amendments to I.C. 35–33–8–7 and ordering Fadli's cash deposit paid over to Barton.

DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., dissents with separate opinion in which GIVAN, J., joins.

GIVAN, J., dissents and joins in SHEPARD, C.J., dissenting opinion.

PETITION FOR REHEARING

SHEPARD, Chief Justice, dissenting.

Casual observers might see this case as a bizarre saga about lawyers and legislators who finally succeeded in sending $100,000 to a crime victim, but its long-term significance is far greater. The Indiana Constitution commands that we place fines, forfeitures, and certain other money in the Common School Fund. Ind. Const. art. VIII, sec. 2. The legislation at issue today really just declares that a forfeiture is not a forfeiture, that Fadli's cash can be seized through use of a different word and sent somewhere other than the Common School Fund. Judicial approval of this sort of evasion will invite further dismantling of the Common School Fund.

GIVAN, J., joins in this dissent.