**Margaret A. MEYER, d/b/a George C. Meyer & Company, Appellant–Defendant,**

v.

**Betty BIEDRON, as Administratrix of the Estate of Fred Biedron, Appellee–Plaintiff,**

and

**City of Hammond; Hammond Lead Products, Inc.; Halstab Division of Hammond Lead Products, Inc.; Ferro Corporation; Keil Chemical Division of Ferro Corporation; and Centimark Corporation, Appellees–Defendants.**

No. 45A03–9409–CV–00331.

Court of Appeals of Indiana, Third District.

March 23, 1995.

Rehearing Denied July 13, 1995.

---

James N. Thiros, Cohen & Thiros, Merrillville, Jennifer A. Keller, Cassiday, Schade & Gloor, Chicago, IL, for appellant.

Saul I. Ruman, Thomas A. Clements, Ruman, Clements, Tobin & Holub, P.C., Hammond, for appellee.

## OPINION

STATON, Judge.

Margaret Meyer, d/b/a George C. Meyer & Co. ("Meyer"), appeals the trial court's interlocutory order denying her motion for summary judgment. Meyer sought summary judgment on a suit filed by Betty J. Biedron ("Biedron"), administrator of the estate of Fred Biedron, alleging her husband's death was caused by Meyer's negligence. Meyer raises two issues on appeal, but we consider one issue dispositive which we restate as follows: whether Biedron's suit against Meyer falls within an exception to the "Fireman's Rule" through a local ordinance requiring notice of hazardous materials within a building.

We reverse and remand.[1]

The record reveals the following facts. Fred Biedron, a firefighter, died in a fire at a warehouse owned by Meyer. Chemicals and hazardous materials were allegedly stored at the warehouse. At this time, Hammond Ordinance No. 6008 and Amendatory Ordinance No. 6059 (collectively, "Lock Box Ordinance")[2] required specific procedures to be followed when storing such substances. Meyer admitted she did not follow the ordinance, but denied she was required to do so.

The Lock Box Ordinance requires, in part, any person storing certain toxic or hazardous substances to install a lock box containing data sheets for each such substance at the site. Further, the lock box must contain a facility plot and emergency action plan showing the location of safety equipment. Also, four keys to the lock box must be given to

---

1. We admonish Meyer's counsel that Ind. Appellate Rule 7.2(3)(a) requires marginal notations on every page of the record reflecting testimony. Despite this error, we decide this case on the merits.

2. Ordinance No. 6008 is reproduced in part in the appendix to this opinion. Ordinance No. 6059 adds nothing pertinent to this case.

the Hammond Fire Chief for use in the event of a leak, spill, discharge, or release.

Meyer moved for summary judgment claiming that the Fireman's Rule precluded liability for any negligence which may have caused Fred's death while performing his firefighter duties. Biedron countered that Meyer's violation of the Lock Box Ordinance provides an exception to the standard rule of non-liability. The trial court held that the Fireman's Rule was still in effect in Indiana, but that the Lock Box Ordinance was meant to protect firefighters, in addition to the general public, and so Biedron's suit was not barred. In so doing, Meyer's motion for summary judgment was denied. Meyer brings this issue before us by interlocutory appeal.

Meyer argues the trial court erred in denying her motion for summary judgment. The Lock Box Ordinance, she argues, was written to protect the general public and, thus, does not provide an exception to the Fireman's Rule.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194.

The Indiana Supreme Court recognized the Fireman's Rule, though not by name, over a century ago in *Woodruff v. Bowen* (1893), 136 Ind. 431, 34 N.E. 1113, *reh. denied.* In *Woodruff*, a fireman was killed when the roof of a building collapsed. The owner of the property had added several stories to the building without reinforcing the original structure. The firefighter was killed while performing his ordinary duties. Our supreme court held that a property owner owes no duty to firefighters other than to avoid intentional wrongful acts, but that a

duty may be established "by an ordinance adopted for that purpose." *Id.*, at 443, 34 N.E. 1113.

We must decide whether the Lock Box Ordinance was adopted to protect firefighters. The ordinance requires property owners using hazardous materials to install a lock box which must be: (1) placed near an entrance, (2) made easily identifiable, (3) identify hazardous substances and safety devices, and (4) deliver four keys to the box to the Hammond Fire Chief. These keys are to be used in the event of an accident. Further, the property owner must have an emergency action plan that shall identify those responsible for the hazardous materials.

The interpretation of a statute is a question of law to which we owe the trial court's holding no deference. *Foursquare Tabernacle v. Dept. of Metro. Dev.* (1994), Ind.App., 630 N.E.2d 1381, 1387. We presume an ordinance does not intend to change the common law unless such an intent appears in the ordinance expressly or by necessary implication. *Grusin v. Stutz Motor Car Co. of America* (1933), 206 Ind. 296, 303, 187 N.E. 382, *reh. denied; Thompson v. Murat Shrine Club, Inc.* (1994), Ind.App., 639 N.E.2d 1039, 1040, *trans. pending* (ordinance must impose duty specifically for benefit of firefighters).

Clearly, the Lock Box Ordinance seeks to protect all the citizens of Hammond from the dangers of hazardous chemical leaks and spills. We see nothing in the statute which leads us to conclude that it was adopted specifically for the safety of firefighters. At best, the ordinance's purpose could be deemed ambiguous. When the purpose of an ordinance is ambiguous, we may consider the preamble as probative, though not controlling, evidence of purpose. *Hobbs v. State* (1983), Ind.App., 451 N.E.2d 356, 358, *trans. denied.* The preamble to the Lock Box Ordinance specifically mentions a desire to protect the citizens of Hammond, but does not mention firefighters. This provides further support for our conclusion.[3]

---

3. Biedron presented an affidavit of the ordinance's sponsor saying it was promulgated to protect firefighters. This is clearly not probative evidence of the ordinance's purposes as the motive of an individual sponsor of legislation cannot

██ We conclude that the Hammond Lock Box Ordinance was not adopted specifically to impose a duty upon landowners for firefighter safety and, thus, any firefighter injury resulting from a negligent violation of this ordinance remains within the Fireman's Rule. We cannot allow a strained reading of the Lock Box Ordinance to provide an exception to this century-old precedent.

We reverse and remand to the trial court with instructions to enter summary judgment in favor of Meyer on the issue presented above.[4]

HOFFMAN and DARDEN, JJ., concur.

### APPENDIX "A"

#### *ORDINANCE NO. 6008*

AN ORDINANCE ESTABLISHING REQUIREMENTS FOR PERSONS AND/OR LOCATIONS USING, STORING, HANDLING, OR DISPOSING OF DANGEROUS, HAZARDOUS, OR TOXIC SUBSTANCES WITHIN THE CIVIL CITY OF HAMMOND, INDIANA.

WHEREAS, there has been an increase in the number of spills and/or leaks of dangerous, hazardous, and toxic substances within the City of Hammond, and

WHEREAS, these substances can endanger the health, safety and general welfare of the citizens of Hammond when they are discharged into air, water, or onto the land, and

WHEREAS, it is necessary to require that special information be furnished by persons that use, store, handle or dispose of dangerous, hazardous or toxic substances within the City of Hammond, Indiana.

NOW, THEREFORE, BE IT ORDAINED by the City Council of the City of Hammond, Indiana as follows:

 \* \* \* \* \* \*

2. Substances considered as dangerous, hazardous, or toxic are those which are:

a. Listed in the latest edition of the U.S. Department of Transportation "Guidebook for Hazardous Material Incidents", or

 \* \* \* \* \* \*

c. Listed in the latest edition of the "Condensed Chemical Dictionary" by Gessner G. Hauley and the words dangerous, hazardous, or toxic are used in the "Hazard" explanation used to categorize the substance.

#### ARTICLE II

1. Any person that uses, stores, handles, or disposes of substances defined as dangerous, hazardous, or toxic by this Ordinance, on property zoned I–1 Light Industrial and/or I–2 Manufacturing ... shall be required to furnish the following at their location(s) within the City of Hammond;

a. A weather proof lock box of sufficient size to hold a binder(s) that shall contain all the Material Data Sheets ... for each dangerous, hazardous, or toxic substance used, stored, handled, or disposed of, and

b. A facility plot plan made to the scale of 1″ equals 20 feet....

1. The location and identification of each structure.

2. The location and size of all fire hydrants located on the premises and within 500 feet of the boundary line of the premises.

---

be imputed to the body at large. *O'Laughlin v. Barton* (1991), Ind., 582 N.E.2d 817, 821.

4. The trial court denied summary judgment based upon the Lock Box Ordinance providing an exception to the Fireman's Rule. It appears, however, that Biedron offered other reasons why the Fireman's Rule should not apply. We only decide the issue presented to us by the briefs: the Lock Box Ordinance as an alleged exception to the Fireman's Rule. We make no statement as to

whether Biedron's suit may proceed based on other theories presented in her motion opposing summary judgment.

In the event that the trial court decides that issues remain for trial, we note that the trial court erred in entering summary judgment for Biedron on the issue of whether Meyer violated the Lock Box Ordinance. This is a disputed factual matter for which summary judgment is inappropriate. T.R. 56(C).

3. The location and quantity of any other fire fighting, spill response or safety related equipment such as, but not limited to: (a) water sprinkler system, (b) foam suppressants ..., (c) dry powder suppressants ..., (d) protective clothing ..., (e) self-contained breathing apparatus ..., (f) resuscitator, (g) natural gas shutoff valves, (h) electrical shutoff points, (i) municipal water shutoff, (j) drains to the Hammond Sanitary District, (k) in-plant telephones, and (*l*) telephones, (m) other items the Hammond Fire Chief or designee may require.

c. Such lock box shall be located within 100 feet of the entrance of the plant or facility.... The placement of the lock box into the plant or facility shall be approved by the Chief of the Hammond Fire Department or his designee....

Four keys to the lock box shall be provided to the Chief of the Hammond Fire Department for use solely by the Hammond Fire Department in the event of a spill, leak, discharge, or release.

d. An Emergency Action Plan (E.A.P.) that shall outline the responsible persons and their actions in the event of a fire, spill, leak, discharge, release of a dangerous hazardous, or toxic substance regulated by this Ordinance. Such plan shall be submitted to the Chief or the Hammond Fire Department

. . . . .

2. This Ordinance shall be enforced by the Chief of the Hammond Fire Department or his designee.

3. Whoever violates any provision of this Ordinance shall be fined not more than $2,500.00. Every day a violation occurs shall constitute a separate offense.